**In Re CSX CORPORATION, National Marine Inc., and Vectura Group.**

No. 03–0381.

Supreme Court of Texas.

Oct. 3, 2003.

Marion E. McDaniel, Jr., S. Shawn Stephens, Harold K. Watson, John H. Hempfling II, Locke Liddell & Sapp, Houston, for relators.

Joseph J. Fisher II, John Andrew Cowan, J. Keith Hyde, Rodney Barnwell, Provost & Umphrey, Beaumont, for respondent.

PER CURIAM.

Relators filed a petition for writ of mandamus to challenge the trial court's discovery ruling in the underlying negligence litigation. Relators complain that certain interrogatories are overbroad and irrelevant. We agree and conditionally grant mandamus relief.

Real party in interest, Donald Ward, worked periodically as a mechanic, tankerman, and seaman from 1958 to 1998. He worked at National Marine Services for part of 1958 and from 1972 to 1977. In 1998, American Commercial Barge Line acquired National Marine Services. Ward sued American Commercial Barge Line and its subsidiaries—American Commercial Lines, CSX Corporation, National Marine, Inc., and Vectura Group—in 2002. Ward claims that exposure to benzene and other carcinogenic chemicals throughout his career caused him to contract refractory anemia/myelodysplastic syndrome.

During discovery, Ward served interrogatories on all defendants that included the following:

(16) For the time period 1973 to present, please identify and give last known address and telephone number for all persons in the safety and/or industrial hygiene department who had any responsibility for the safety and/or industrial hygiene and/or assessment of the hazards of benzene for this Defendant.

(17) For the time period 1970 to present, please identify and give last known address and telephone number for all safety department workers employed by Defendant.

(18) For the time period 1970 to present, please identify and give last known address and telephone number for all corporate physicians employed by this Defendant.

Relators CSX Corporation, National Marine, Inc., and Vectura Group objected to these interrogatories on the grounds that they are "overbroad, harassing, and seek information that is not relevant and will not lead to the discovery of admissible evidence." Ward then moved the trial court to compel Relators to answer the interrogatories. After a hearing, the trial court modified Interrogatory 17 to exclude purely clerical safety workers. Subject to this modification, the trial court ordered Relators to answer Interrogatories 16, 17, and 18. The court of appeals denied Relators' petition for mandamus relief.

Relators complain that these interrogatories are overbroad for two reasons. First, Relators never employed Ward. They are subsidiaries of American Commercial Barge Line, which also never directly employed Ward, but acquired Ward's former employer, National Marine Services. Therefore, the identity of relators' managerial safety and hygiene personnel and corporate physicians is not relevant to Ward's claims. Second, the requested time period extends twenty-five years beyond the time Ward was employed by American Commercial Barge Line's predecessor in interest, National Marine Services.

■■■ Mandamus relief is appropriate only if a trial court abuses its discretion, and there is no adequate appellate remedy. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992); *CSR Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex.1996). The burden of establishing an abuse of discretion and an inadequate appellate remedy is on the party resisting discovery, and this burden is a heavy one. *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex.1994). A clear abuse of discretion occurs when an action is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *CSR*, 925 S.W.2d at 596.

■ Generally, the scope of discovery is within the trial court's discretion. *Dillard Dep't Stores, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex.1995). However, the trial court must make an effort to impose reasonable discovery limits. *In re American Optical*, 988 S.W.2d 711, 713 (Tex.1998). The trial court abuses its discretion by ordering discovery that exceeds that permitted by the rules of procedure. *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex.1995).

■ Our procedural rules define the general scope of discovery as any unprivileged information that is relevant to the subject of the action, even if it would be inadmissible at trial, as long as the information sought is "reasonably calculated to lead to the discovery of admissible evidence." TEX.R. CIV. P. 192.3(a); *see also Eli Lilly & Co. v. Marshall*, 850 S.W.2d 155, 160 (Tex.1993). Also, a party may obtain discovery of the name, address, and telephone number of persons who have or may have knowledge of any discoverable matter. TEX.R. CIV. P. 192.3(c). Although the scope of discovery is broad, requests must show a reasonable expectation of obtaining information that will aid the dispute's resolution. *American Optical*, 988 S.W.2d at 713. Thus, discovery requests must be "reasonably tailored" to include only relevant matters. *Id.*

■ Ward argues that Relators have not shown the trial court's order was so arbitrary and unreasonable as to constitute a clear abuse of discretion. *See Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). According to Ward, the information these interrogatories seek is within the scope of permissible discovery. Ward contends that relevant evidence is not limited to what National Marine Services's employees knew. Ward also argues that employees from Relator's subsidiaries may have information about

barge industry custom that is relevant to a negligence claim. *See Boatland of Houston, Inc. v. Bailey*, 609 S.W.2d 743, 748 (Tex.1980) (in negligence cases, evidence of industry custom at the time of manufacture is admissible to compare the defendant's conduct with industry custom).

■ We do not find Ward's argument persuasive. Discovery orders requiring document production from an unreasonably long time period or from distant and unrelated locales are impermissibly overbroad. *See American Optical*, 988 S.W.2d at 713; *Dillard*, 909 S.W.2d at 492; *Texaco*, 898 S.W.2d at 815. For example, in *American Optical*, an asbestos-litigation case, the trial court ordered the defendant to turn over every document ever produced relating to asbestos. *American Optical*, 988 S.W.2d at 713. We held the order was overbroad, because "ordering a defendant to produce virtually all documents regarding its products for a fifty-year period is an abuse of ... discretion." *Id.* In *Dillard*, we held the trial court's order was overly broad, because it required Dillard to produce every incident report filed between 1985 and 1990 in all 227 Dillard stores nationwide. *Dillard*, 909 S.W.2d at 492. The Court explained that "requests for document production may not be used simply to explore." *Dillard*, 909 S.W.2d at 492 (citing *Loftin v. Martin*, 776 S.W.2d 145, 148 (Tex.1989)). Finally, in *Texaco*, the plaintiffs claimed injurious workplace exposure to benzene and requested all safety and toxicology documents written by the corporate safety director, including those documents regarding other employees' exposure and plants where the plaintiffs never worked. *Texaco*, 898 S.W.2d at 814. The request also extended into a time period during which the plaintiffs did not work with the company. *Id.* This Court held the request was overbroad, because it was "not merely

an impermissible fishing expedition; it [was] an effort to dredge the lake in hopes of finding a fish." *Id.* at 815.

■ A central consideration in determining overbreadth is whether the request could have been more narrowly tailored to avoid including tenuous information and still obtain the necessary, pertinent information. *See American Optical,* 988 S.W.2d at 713. A request to identify all safety employees who worked for Relators over a 30–year period, even though Ward never worked for Relators or for their parent company for that length of time, qualifies as the kind of "fishing expedition" this Court has repeatedly struck down. *See, e.g., Texaco,* 898 S.W.2d at 815. Accordingly, the discovery request at issue here is overly broad.

Ward additionally argues that the cases involving requests for document production are distinguishable, because such requests are characteristically more burdensome than providing a list of names and addresses. But, as Relators note, this Court has not identified different standards for evaluating various discovery methods. *See K Mart Corp. v. Sanderson,* 937 S.W.2d 429, 431 (Tex.1996) (relying on cases involving document production requests to reverse a trial court's order compelling K–Mart to answer interrogatories). In *K Mart,* we "reject[ed] the notion that any discovery device can be used to 'fish.'" *Id.*

Finally, Ward claims he needs the identities of thirty years' worth of safety and industrial hygiene employees, as well as the names of corporate physicians, because they might have information on barge industry custom from the applicable time period. *See Bailey,* 609 S.W.2d at 748. Although Ward may discover evidence of industry custom at the time Ward was employed, the interrogatories at issue here impermissibly request information for twenty-five years beyond the applicable

time period. *See Texaco,* 898 S.W.2d at 815 (rejecting plaintiff's argument that an overbroad discovery request lacking appropriate limitations as to time, place, or subject matter was relevant to establish defendant's "corporate strategy to ignore safety laws").

■ If a reviewing court concludes that a trial court's discovery order is overbroad, the trial court has abused its discretion, and the order must be vacated if there is no adequate remedy on appeal. *See American Optical,* 988 S.W.2d at 713; *see also Walker,* 827 S.W.2d at 840. Here, no adequate appellate remedy exists. We have said that where a discovery order compels production of "patently irrelevant or duplicative documents," as this order undoubtedly does, there is no adequate remedy by appeal because the order "imposes a burden on the producing party far out of proportion to any benefit that may obtain to the requesting party." *Walker,* 827 S.W.2d at 843; *see also General Motors Corp. v. Lawrence,* 651 S.W.2d 732, 734 (Tex.1983). Ward's request could easily be narrowly tailored to obtain information pertinent to the time period during which Ward was employed by National Marine Services.

As written, interrogatories 16, 17, and 18 are overbroad. The interrogatories lack reasonable limitations as to time and subject matter. *See Texaco,* 898 S.W.2d at 815. Accordingly, without hearing oral argument, we conditionally grant mandamus relief and direct the trial court to vacate its order compelling CSX Corporation, National Marine, Inc. and Vectura Group to answer interrogatories 16, 17, and 18. TEX.R.APP. P. 59.1. The writ will issue only if the trial court fails to act promptly in accord with this opinion.