In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-071 CV


____________________



IN RE BARRY R. MILLER 






Original Proceeding






OPINION



 In this mandamus proceeding, the issue is whether the stay of discovery provision of
the recently enacted Texas Medical Liability Act (1) bars a plaintiff from taking the oral
deposition of a defendant physician prior to the required expert report. See Tex. Civ. Prac.
& Rem. Code Ann. § 74.351(s), (u) (Vernon Supp. 2004). Sandra Edgerton filed a medical
malpractice suit against Dr. Barry R. Miller. Edgerton sought the oral deposition of Miller,
and Miller filed a motion to quash. Edgerton filed a motion to compel. The trial court signed
an order compelling the oral deposition. Miller filed this petition for writ of mandamus.

 The Act provides that the claimant must serve on each party or the party's attorney
one or more expert reports. See § 74.351(a). The expert report must contain a fair summary
of the expert's opinions "regarding applicable standards of care, the manner in which the care
rendered by the physician or health care provider failed to meet the standards, and the causal
relationship between that failure and the injury, harm, or damages claimed." See §
74.351(r)(6). Upon the filing of a motion challenging the adequacy of the report, the trial
court is to determine whether the report represents an "objective good faith effort to comply
with" the requirements of subsection (r)(6). See § 74.351(l). 

 Section 74.351 also contains the following specific provisions regarding discovery: 
 (s) Until a claimant has served the expert report and curriculum vitae as
required by Subsection (a) [of section 74.351], all discovery in a health care
liability claim is stayed except for the acquisition by the claimant of
information, including medical or hospital records or other documents or
tangible things, related to the patient's health care through:

 (1) written discovery as defined in Rule 192.7, Texas Rules of Civil
Procedure;

 (2) depositions on written questions under Rule 200, Texas Rules of
Civil Procedure; and

 (3) discovery from nonparties under Rule 205, Texas Rules of Civil
Procedure.

 . . . .

 (u) Notwithstanding any other provision of this section, after a claim is filed
all claimants, collectively, may take not more than two depositions before the
expert report is served as required by Subsection (a). 


Section 74.351(s), (u) (emphasis added). The only pre-report depositions of the parties
excepted from the statutory stay by subsection (s) are depositions on written questions under
Rule 200. Oral depositions of parties pursuant to Rule 199 are not excepted from the stay
of discovery. With certain limited exceptions, the Act's provisions control here to the extent
of a conflict with a rule of procedure. See § 74.002(a),(b),(c) (Vernon Supp. 2004). 

 Miller contends the subsection (u) restriction to two depositions is a narrowing, not
an expansion, of the discovery allowed in subsection (s). Because oral depositions of the
parties are not within the discovery allowed by subsection (s), Miller says they are not
authorized by subsection (u).

 Mandamus is appropriate only if the trial court abused its discretion and there is no
adequate appellate remedy. See Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992). Miller
argues that the trial court abused its discretion in compelling his oral deposition prior to
Edgerton's service of the expert report. He points to the Legislature's findings set forth in
House Bill 4, the legislation that enacted Chapter 74. The findings state there is a medical
professional liability insurance crisis in Texas which has had a material adverse effect on the
delivery of medical and health care in Texas. See Act of June 2, 2003, 78th Leg. R.S., ch.
204, § 10.11, 2003 Tex. Gen. Laws 847, 884-85. The findings also state the Legislature's
purpose in enacting Chapter 74 as being, among others, the modification and improvement
of the system by which health care liability claims are determined. Id. Miller argues the
Act's limitations on discovery prior to service of the report serve the Legislature's purpose
in addressing the increase in costs that has occurred in part because of physicians' having to
defend unmeritorious or prematurely filed claims. He says the order compelling his oral
deposition violates the Act, and an appeal is an inadequate remedy because his compelled
oral deposition will have been taken by the time a final judgment is signed and the appeal
remedy becomes available. 

 Edgerton responds that disallowance of an oral deposition of a defendant physician 
prior to the service of the expert report puts the plaintiff in the position of having to "make
bricks without straw." (2) She says an oral deposition of the doctor is needed to access
information necessary for the preparation of the report. She cites testimony from witnesses
before the Legislature concerning the need for pre-report discovery and concerning the
number of depositions which may be necessary. And, like Miller, she points to the
Legislature's findings upon its enactment of the Texas Medical Liability Act. She
acknowledges those findings evidence the Legislature's intent to address concerns in the
context of a stated medical malpractice crisis. But she points to another legislative finding
that says the modification of the system for determining health care liability claims should
be accomplished in a manner that "will not unduly restrict a claimant's rights any more than
necessary to deal with the crisis." 

 Edgerton acknowledges that subsection (u) limits to two the number of depositions
allowed claimants prior to service of the expert report. But she contends that by omitting the
word "nonparty" from subsection (u), the Legislature intended (u) to allow two oral
depositions of parties or nonparties, "notwithstanding" the provisions of subsection (s). 

 In construing the Act, a reviewing court's primary objective is to determine and give
effect to the Legislature's intent. See McIntyre v. Ramirez, 109 S.W.3d 741, 745 (Tex.
2003). A court makes no assessment of the advisability of a statute, but a court may
consider, among other things, the legislative objective of the law. See Tex. Gov't Code
Ann. § 311.023(1),(3),(5) (Vernon 1998). A court's review begins with the plain and
common meaning of the words. McIntyre, 109 S.W.3d at 745; Tex. Gov't Code Ann. §
311.011 (Vernon 1998). Under the Code Construction Act, "[w]ords and phrases shall be
read in context and construed according to the rules of grammar and common usage." Id. 
A court is to consider the statute as a whole, rather than simply analyze provisions in
isolation. See Helena Chem. Co. v. Wilkins, 47 S.W.3d 486, 493 (Tex. 2001). 

 As Edgerton notes, the common meaning of the word "notwithstanding" is "in spite
of." Here, the word suggests opposing considerations may be found in the other provisions
of the section. But the clause in subsection (u) -- "notwithstanding any other provision of
this section" -- cannot mean we are to ignore entirely the discovery provisions set forth in
subsection (s). The numerical limitation expressed by (u) would be given no effect if
unlimited depositions were permitted by (s) and two additional depositions were permitted
by (u). Subsection (u) restricts the number of pre-report depositions to two, notwithstanding
the lack of a numerical limitation in subsection (s). The parties agree on that point. The
parties disagree on whether subsection (u) further modifies subsection (s). 

 Miller says subsection (u) is solely a numerical restriction on the depositions
permitted by (s). Edgerton says subsection (u) has the effect of both restricting and
expanding subsection (s): restricting the number of depositions, but expanding the type of
depositions to include oral depositions of parties as well as oral depositions of nonparties. 
But the result of Edgerton's interpretation of subsection (u) would be to modify subsection
(s) in a structural way. The phrase "oral depositions" would need to be added to subsection
(s)(2), with a citation to Rule 199, to make subsection (s) consistent with Edgerton's
interpretation of subsection (u). Otherwise, we would have to accept an inconsistency, under
Edgerton's interpretation, between subsection (s) and subsection (u), a modification she says
the Legislature acknowledged by using the phrase "notwithstanding any other provision of
this section." But those words can be given their common meaning without creating an
inconsistency between the types of discovery authorized by subsection (s) and subsection (u). 
 The phrase "notwithstanding any other provision of this section" in subsection (u) 
references the reporting requirements imposed by the section and the discovery authorized
by subsection (s). Nevertheless, subsection (u) limits the number of depositions allowed by
subsection (s) to two; subsection (u) places this numerical limitation on the type of
depositions permitted by subsection (s). The limitation is imposed in spite of the expert
report requirements, and notwithstanding the lack of a numerical limitation on depositions
in subsection (s). We conclude any oral depositions stayed under subsection (s) are not
authorized by subsection (u). 

 We hold that because oral depositions of the parties in a health care liability claim
governed by the Act are stayed by subsection (s) "[u]ntil a claimant has served the expert
report and curriculum vitae as required by Subsection (a)," the trial court erred in compelling
Miller's oral deposition before the service of the expert report. When a trial court errs in
compelling an oral deposition in violation of a statutory stay provision, mandamus is
appropriate; a party does not have an adequate remedy by appeal. See generally In re Kuntz,
124 S.W.3d 179, 181 (Tex. 2003)(no adequate remedy by appeal when appellate court would
not be able to cure the trial court's discovery error); In re CSX Corp., 124 S.W.3d 149, 153
(Tex. 2003)(overbroad discovery). On appeal the court could not cure the trial court's error
in compelling an oral deposition barred by law; the oral deposition already would have been
taken. 

 We conditionally grant the petition for writ of mandamus and order the trial court to
vacate its order compelling Miller's pre-report oral deposition. We are confident the trial
court will comply with this opinion. Mandamus will issue only if the trial court does not. 

 WRIT CONDITIONALLY GRANTED. 


 _________________________________

 DAVID B. GAULTNEY

 Justice


Submitted on February 23, 2004

Opinion Delivered April 8, 2004


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. All references herein to the Texas Medical Liability Act are to Tex. Civ. Prac. &
Rem. Code Ann. §§ 74.001-74.507 (Vernon Supp. 2004).
2. Edgerton says in a footnote: "In the Old Testament book of Exodus, the story of
Moses relates the Pharaoh of Egypt punished the Israelite slaves by making them fulfill their
quota of bricks without giving them straw, a binding agent." See Exodus 5.