Opinion issued September 1, 2006











In The
Court of Appeals
For the
First District of Texas
____________

NO. 01–06–00140–CV
____________

IN RE BP PRODUCTS NORTH AMERICA, INC., Relator




Original Proceeding on Petition for Writ of Mandamus




MEMORANDUM OPINIONRelator BP Products North America, Inc. filed a petition for a writ of
mandamus, complaining of Judge Criss’s February 14, 2006 written order granting
the real parties in interest’s motion to compel relator to produce documents in
response to request number 81 in the fourth set of written discovery.


 We grant the
requested relief.
          This is a discovery dispute over the Plaintiffs Discovery Coordinating
Committee’s request for production of documents that BP Products provided to the
independent panel BP Products created (the BP U.S. Independent Safety Review
Panel, or “Baker Panel”) headed by former Secretary of State James Baker III.


 The
Baker Panel was created “[i]n response to the Urgent Recommendation of the U.S.
Chemical Safety and Hazard Investigation Board (“CSB”)” arising out of the Texas
City explosion and fire on March 23, 2005.
          In creating the Baker Panel, BP Products stated the following in the Panel’s
charter:
The purpose of the Independent Panel is to make a thorough,
independent and credible assessment of the effectiveness of BP Products
North America’s (“BP Products”) corporate oversight of safety
management systems at its refineries[1] and its corporate safety culture. 
The commissioning of this review and independent assessment reflects
BP p.l.c.’s ongoing commitment to the safe operation of all its United
States refining facilities.
_________________________________
[1] BP p.l.c. conducts its U.S. refinery operations through BP Products at
five different locations: Texas City, Texas; Carson, California; Whiting,
Indiana; Cherry Point, Washington; and Toledo, Ohio.
 
I.Purposes
 
•The Independent Panel’s written report will examine and
recommend any needed improvements to:
 
•Corporate safety oversight, including the safe
management of refineries obtained through mergers
and acquisitions;
 
•Corporate safety culture, including the degree to
which:
 
•Corporate officials exercise appropriate
leadership to promote adherence to safety
management systems;
 
•Process safety is effectively incorporated into
management decision–making at all levels;
 
•Employees at all levels are empowered to
promote improved process safety; and
 
•Process safety programs receive adequate
resources and are appropriately positioned
within organizational structures.
 
•Corporate and site safety management systems,
specifically:
 
                                         •        Near miss reporting and investigation
programs;
 
•Mechanical integrity programs;
 
•Hazard analysis programs,
management–of–change programs, and up to
date operating procedures for processes with
catastrophic potential; and
 
•Siting policies for occupied structures near
hazardous operating units.
 
•The Independent Panel should avoid duplicating the efforts
of the CSB to determine the specific root causes of the
incident at Texas City on March 23, 2005. The
Independent Panel should not seek to affix blame or
apportion responsibility for any past event.
 
. . . .
 
V.Resources and Authority of the Independent Panel
 
                    . . . .
 
•The Independent Panel will have full and broad access to
relevant documents, information, facilities and personnel,
other than material that is subject to a good faith claim of
attorney–client privilege or attorney work–product
protection. The information to which the Independent
Panel will have access will include the substantial amounts
of information already gathered by the BP l.l.p., including
the information already gathered by BP l.l.p. during the
course of its own investigation of the March 23, 2005,
explosion at Texas City. . . . .
          The Plaintiffs Discovery Coordinating Committee propounded the following
fourth set of written discovery request 81:
81.With respect to BP’s compliance with the CSB’s “urgent”
recommendation to appoint an independent panel led by former
Secretary of State James Baker, produce the following
documents:
 
a.All documents reviewed by or produced to any member of
the panel headed by James Baker;
 
b.All reports and drafts of reports issued to you by or from
the panel headed by James Baker.
The response was, “BP Products objects to this overly broad request as outside the
scope of discovery, because it is not reasonably calculated to lead to the discovery of
admissible evidence pertaining to the March 23, 2005 ISOM incident.”
           On February 6, 2006, the trial judge orally granted the motion to compel by
the Plaintiffs Discovery Coordinating Committee. On February 14, 2006, the trial
judge signed a written order granting the motion to compel regarding request 81.
          On February 16, 2006, BP Products filed a motion for temporary relief
requesting this Court stay production of the Baker Panel documents. This Court
denied the motion on February 17, 2006, because the reporter’s record of the
February 6, 2006 hearing indicated that the trial judge agreed to stay discovery
pending any “appeal” BP Products might file. BP Products produced at least 5,000
Baker Panel documents before filing a motion for reconsideration on March 14, 2006. 
The motion for temporary relief was supplemented on March 16, 2006, in which BP
Products stated that the certified reporter’s record was inaccurate and the trial judge
on February 6, 2006 refused to stay discovery. After the reporter’s record was
corrected pursuant to Texas Rule of Appellate Procedure 34.6(e), this Court granted
the motion for reconsideration on March 23, 2006, staying further production of the
Baker Panel documents.
          We agree with BP Products that written discovery request 81 is overbroad
because there are no limits as to time, location, and subject matter on what types of
documents provided to the Baker Panel should be produced to the Plaintiffs
Discovery Coordinating Committee. See In re CSX Corp., 124 S.W.3d 149, 153
(Tex. 2003) (requiring discovery to be narrowly tailored). We therefore grant the
requested relief in BP Products’ petition for a writ of mandamus and direct the trial
judge to vacate her February 14, 2006 granting the motion to compel regarding
request 81.
 
 
 
                                                             Elsa Alcala
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Higley.