In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-515 CV


____________________



IN RE CHRISTUS HEALTH SOUTHEAST TEXAS


d/b/a CHRISTUS ST. MARY HOSPITAL






Original Proceeding






MEMORANDUM OPINION


 This original proceeding arises out of a premises liability case in which the plaintiff,
Flora McDonald, obtained an order compelling production of documents from the defendant,
Christus Health Southeast Texas d/b/a Christus St. Mary Hospital. McDonald alleges a
dangerous condition caused her to slip and fall on hospital premises. Christus seeks
mandamus relief directing the trial court to vacate an order compelling production of eighty-seven variance reports prepared for the hospital's Safety Committee, an investigation report
prepared for the accident in this case, and employee handbooks. We conditionally grant
relief.

 First, Christus contends peer review and medical committee privileges protect
variance reports prepared for the hospital's Safety Committee. See Tex. Health & Safety
Code Ann. § 161.032 (Vernon Supp. 2006); Tex. Occ. Code Ann. § 160.007 (Vernon
2004). The governing body of a hospital may form a medical peer review committee or a
medical committee to evaluate medical and health care services. Tex. Health & Safety
Code Ann. § 161.0315 (Vernon Supp. 2006). A "medical committee" includes any
committee of a hospital. Tex. Health & Safety Code Ann. § 161.031 (Vernon Supp.
2006). The records of a medical committee are confidential and are not subject to disclosure. 
Tex. Health & Safety Code Ann. § 161.032(a). 

 The affidavit of the hospital's manager of risk management states that the purpose of
the Safety Committee is to implement the hospital-wide Safety Management Program, that
the Safety Committee's duties include investigating and evaluating variances, and that the
Safety Committee is authorized to investigate accidents involving visitors and any variance
from hospital policy and procedure. According to the hospital's manager of risk
management, Quality Assessment Variance Report Forms are confidential documents kept
apart from patient records and financial records. In her affidavit, the manager identifies
eighty-seven documents in the privilege log as documents generated by hospital staff "for the
purpose of evaluation, by the Safety Committee, and to further its investigation, if necessary,
of the safety provided" at the hospital.

 A privilege log and accompanying affidavit are generally sufficient to prove the
application of the privilege. In re Living Ctrs. of Texas, Inc., 175 S.W.3d 253, 261 (Tex.
2005) (holding the trial court abused its discretion by ordering production without conducting
an in camera review of the documents). In this case, the hospital manager's affidavit
establishes that the Safety Committee is a medical committee; therefore, the committee's
records that are not made in the regular course of business are confidential and not subject
to discovery. Martinez v. Abbott Labs. & Abbott Labs., Inc., 146 S.W.3d 260, 267 (Tex.
App.--Fort Worth 2004, pet. denied) (applying privilege to hospital risk management
committee). The affidavit describes the records at issue and maintains that the records are
prepared for the purpose of evaluation by the committee and are not kept with patient or
financial records. The affidavit supplied by Christus in this case is sufficient to establish a
prima facie showing that the documents are entitled to the medical committee privilege
because they were prepared for use by a medical committee in evaluating medical services. 
The relator established that the variance reports are subject to the medical committee
privilege. See Tex. Health & Safety Code Ann. § 161.032. Issue one is sustained.

 Second, Christus contends the trial court abused its discretion in ordering production
of an investigation report subject to the work product privilege. Work product comprises
"material prepared or mental impressions developed in anticipation of litigation or for trial
by or for a party or a party's representatives. . . ." Tex. R. Civ. P. 192.5(a)(1). The privilege
log identifies an "Investigation Report prepared in Anticipation of Litigation" on May 2,
2005. The supporting documentation supplied to the trial court includes two letters. In the
first letter, dated November 10, 2004, McDonald's attorney notified Christus that he had
been retained as McDonald's attorney of record. This letter requested that the attorney be
contacted within two weeks or "you will have forced me to file suit in a court of appropriate
jurisdiction." Christus received the notice on November 17, 2004. In the second letter, dated
January 28, 2005, McDonald's counsel provided a copy of McDonald's medical records to
Christus Health Risk Management. The investigation report, which was prepared six months
after the notice letter and one month before McDonald filed suit, was prepared in anticipation
of litigation as contemplated by Rule 192.5. McDonald does not argue that she showed a
substantial need for the materials and that substantially equivalent documents cannot be
obtained by other means. See Tex. R. Civ. P. 192.5(b). The party's work product prepared
in anticipation of litigation is entitled to protection in the absence of such a showing of undue
hardship. Id. Issue two is sustained.

 Third, Relator contends that the trial court abused its discretion in granting
McDonald's motion to compel production of any and all employee handbooks of Christus
Health Southeast Texas over Relator's objection that the request is overbroad and seeks
information that is outside the scope of permissible discovery. As worded, the request covers
all handbooks that have ever existed as to any hospital employees. In response, McDonald
argues that Christus failed to present evidence to prove that her request is unduly
burdensome. Relator's contention is not that the burden of producing the discovery is too
great, but that the scope of the request is too broad. Mandamus is appropriate when the trial
court requires production "from an unreasonably long time period or from distant and
unrelated locales." In re CSX Corp., 124 S.W.3d 149, 152 (Tex. 2003). As is perhaps
inherent in a request for "any and all" documents, McDonald's request does not describe with
reasonable particularity the documents sought. See generally In re TIG Ins. Co., 172 S.W.3d
160, 164-65 (Tex. App.--Beaumont 2005, orig. proceeding). The trial court abuses its
discretion by compelling a party to respond to a facially overbroad discovery request. Id. at
166-67. In this case, the request could easily be tailored to include only relevant documents. 
Issue three is sustained.

 Finally, Christus contends it has no adequate remedy by appeal. Mandamus relief is
appropriate only if the trial court clearly abused its discretion and there is no other adequate
remedy at law. Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992). Mandamus relief is
appropriate when the trial court orders production of privileged documents. In re Living
Ctrs., 175 S.W.3d at 255. Mandamus relief is also appropriate when the trial court's order
requires the relator to produce "overbroad discovery not sufficiently limited in time." In re
TIG, 172 S.W.3d at 171. Issue four is sustained.

 We hold that the trial court abused its discretion, and there is no adequate remedy at
law to remedy the error. Accordingly, we conditionally grant mandamus relief and direct the
trial court to vacate its November 21, 2006, order granting Flora McDonald's motion to
compel and requiring Christus Health Southeast Texas "to provide completely responsive
answers" to the disputed requests for production. We are confident the trial court will vacate
its previous order and that any further discovery orders issued in the case will be consistent
with this Opinion. The writ shall issue only if the trial court fails to act promptly in accord
with this Opinion. The stay of the underlying proceedings issued by this Court is hereby set
aside so that the parties may comply with this Opinion.

 WRIT CONDITIONALLY GRANTED.

 PER CURIAM

Submitted on December 1, 2006

Opinion Delivered January 18, 2007


Before McKeithen, C.J., Gaultney and Kreger, JJ.