

## NUMBER 13-08-00630-CV

## COURT OF APPEALS

## THIRTEEN DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

### IN RE ANTONIO BEJARAN, JR.

### On Petition for Writ of Mandamus.

### MEMORANDUM OPINION

**Before Justices Yañez, Rodriguez, and Vela**
**Per Curiam Memorandum Opinion[1]**

Relator, Antonio Bejaran, Jr., filed a petition for writ of mandamus on March 3, 2008, seeking relief from an order directing the withdrawal of funds from relator's inmate trust account.[2] The Court requested and received a response from the real party in interest, the State of Texas, by and through the Criminal District Attorney in and for Cameron County, Texas. Relator has filed a reply to this response.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] This cause was originally docketed in this Court as a criminal matter. *See In re Bejaran*, No. 13-08-00117-CR, 2008 Tex. App. LEXIS ___, at *1 (Tex. App.–Corpus Christi Nov. 12, 2008, orig. proceeding) (per curiam) (mem. op.).

The Court, having examined and fully considered the petition for writ of mandamus, the response, and the reply thereto, is of the opinion that relator has not shown himself entitled to the relief sought. Mandamus relief is proper only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). The relator has the burden of establishing both prerequisites to mandamus relief. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). This burden is a heavy one. *See In re Epic Holdings, Inc.*, 985 S.W.2d 41 (Tex. 1998)

In the instant case, relator has failed to meet this burden. The petition for writ of mandamus and accompanying documents do not establish a clear abuse of discretion by the trial court. *See generally* TEX. R. APP. P. 52.3(h), 52.3(k), 52.7. Moreover, relator has not demonstrated that he lacks an adequate remedy by appeal. *See In re Johnson*, No. AP-75,898, slip. op. ¶ 22 (Tex. Crim. App. Oct. 29, 2008) (orig. proceeding), available at http://www.cca.courts.state.tx.us/OPINIONS/HTMLOPINIONINFO.ASP?OPINIONID=17 534; *Reed v. State*, No. 04-07-00004-CV, 2008 Tex. App. LEXIS 5085, at *20 (Tex. App.–San Antonio July 9, 2008, no pet.) (op.); *Abdullah v. State*, 211 S.W.3d 938, 940-41 (Tex. App.–Texarkana 2007, no pet.).

Accordingly, the petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Memorandum Opinion delivered and filed
this 12th day of November, 2008.

2