

# NUMBER 13-13-00262-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE REYNOL ALANIS

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion Per Curiam[1]**

Relator, Reynol Alanis, filed a petition for writ of mandamus in the above cause on May 20, 2013, requesting that we direct the trial court to: (1) vacate its order granting a motion to set aside a mediated settlement agreement, (2) grant relator's request for a judgment on the agreement, and (3) enter judgment conforming to the mediated settlement agreement. By order issued on May 21, 2013, the Court requested that the real party in interest, Yadira Ozuna Alanis, file a response to the petition for writ

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

of mandamus.  *See* TEX. R. APP. P. 52.4, 52.8.  The real party in interest's response to the petition for writ of mandamus was filed on May 28, 2013.

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court abused its discretion and that there is no adequate remedy by appeal*.  In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).  The relator has the burden of establishing both prerequisites to mandamus relief.  *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding).  This burden is a heavy one.  *See In re Epic Holdings, Inc.*, 985 S.W.2d 41 (Tex. 1998) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the response thereto, and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief.  *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *In re Kasschau*, 11 S.W.3d 305, 311–12 (Tex. App.—Houston [14th Dist.] 1999, orig. proceeding).  Accordingly, the petition for writ of mandamus is DENIED.  *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed the
4th day of June, 2013.