ACCEPTED
05-18-00582-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
5/21/2018 12:16 PM
LISA MATZ
CLERK

## NO. 05-18-00582-CV

IN THE COURT OF APPEALS

FIFTH APPELLATE DISTRICT OF TEXAS AT DALLAS, TEXAS

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
5/21/2018 12:16:27 PM
LISA MATZ
Clerk

**In re Toyota Motor Sales, U.S.A. Inc., and
Toyota Motor Corporation**

Relators

*Mandamus from the 134th District Court, Dallas County, Texas
Cause No. DC-16-15269
Hon. Dale Tillery, Presiding*

# REAL PARTIES IN INTEREST'S MOTION TO RECONSIDER ORDER GRANTING TOYOTA'S EMERGENCY REQUEST FOR STAY

LAW OFFICES OF FRANK L. BRANSON, P.C.
Frank L. Branson
    State Bar No. 02899000
Chip Brooker
    State Bar No. 24045558
Eric T. Stahl
    State Bar No. 00794685
etstahl@flbranson.com
4514 Cole Ave., Suite 1800
Dallas, Texas 75205
(214) 522-0200
(214) 521-5485 (fax)

**Attorneys for Benjamin Reavis et al.,
Real Parties in Interest**

The Plaintiffs, Benjamin and Kristi Reavis, respectfully oppose the Emergency Request for Stay filed by Petitioners Toyota Motor Sales and Toyota Motor Corporation (collectively, "Toyota"), ask the Court to consider this Response and deny Toyota's Motion, and, in support, would show as follows:

1.      This matter is specially set for trial on July 23, 2018, in the 134th District Court of Dallas County, Texas.

2.      As reflected in the trial court's May 4 Order, the discovery cutoff has been set for June 11, 2018.

3.      Toyota is challenging a discovery order that was entered on May 4, 2018. Despite its current cries of "EMERGENCY," Toyota delayed until the end of the day on Friday, May 18, to even file a petition seeking mandamus relief.

4.      Even further, Toyota waited until Monday, May 21, before submitting any argument to the Court of Appeals explaining its purported "emergency" and asking for an emergency stay.

5.      Even to an outside observer, Toyota's request must smack of intentional delay.

6.      The May 4 Order is designed to facilitate the parties' efficient search of Toyota databases for electronic documents and to do so timely, in connection

-1-

with the current schedule. Yet, the late-ness of Toyota's Petition is designed to disrupt that schedule.

7. The late-ness of Toyota's requested relief should be further considered in light of the low likelihood of Toyota's success on the merits of its mandamus petition. The subject of the petition – the trial court's discovery plan governing the production of electronic documents – is the sort of regularly-arising discovery issue that is routinely decided by trial courts. Because trial courts are given broad discretion to oversee the conduct of discovery, the movant's burden in a mandamus proceeding like this "is a heavy one." *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding).

8. In particular, when discovery involves searches for ESI, trial courts routinely are called upon to develop an appropriate ESI protocol. That process necessarily involves (1) identifying the databases or, even better, the ***portions*** of databases that will be searched, (2) determining appropriate search terms, and (3) developing a process by which responsive documents can be identified, reviewed, and (if appropriate) produced.

9. As will be more fully set out in the Reavises' response, the May 4 Order performs these tasks intelligently, not arbitrarily:

- ***First***, it identifies the databases that will generally be searched.

- *Second*, it establishes a rational process for narrowing the scope of searches by requiring Toyota (a) to provide information regarding the organizational schema of the databases (i.e., their folder structure and/or a "table of contents," depending on how a particular database is organized) so that the search can be narrowed to just those portions of the databases that are reasonably calculated to lead to the discovery of admissible evidence and (b) to provide the "search syntax" of the databases so that the parties can intelligently structure appropriate searches. It would hardly make sense to compel Plaintiffs to guess what the search syntax might be before proposing search terms.

- *Third*, the May 4 Order allows parties to formulate search terms which will facilitate the search of documents responsive to the scope of discovery previously established by the trial court in its November Order. This process is not one-sided. Either party is allowed to seek a ruling from the trial court, at any time, that a proposed search would be inappropriate. The May 4 Order also allows the parties to refine searches, as necessary. For instance, if the results of a particular search show that it was crafted either too narrowly or too broadly to

be useful, the May 4 Order rationally allows the parties to reformulate the search so that the review and production process will be more efficient.

- **_Finally_**, the May 4 Order provides for a reasonable process for reviewing and, if appropriate, producing responsive documents.[1]

10.    Toyota's challenges to the May 4 Order merely attempt to invoke familiar buzzwords – alleging that the Order somehow allows "direct access" to Toyota's databases and that it is facially "overbroad" – hoping that the mere utterance of the proper words will justify upending the trial court's discovery schedule, just as Toyota was able to accomplish in its previous mandamus (that was subsequently denied after a stay had been entered). *See In re Toyota Motor Corp.*, No. 05-17-01293-CV (Tex. App.—Dallas Nov. 21, 2017, orig. proceeding).

11.    For example, Toyota's principal argument is that the May 4 Order supposedly allows "direct access." However, the May 4 Order provides nothing of the sort. "Direct access" refers to giving physical possession of a document or electronic device to an opposing party. *See In re Weekley Homes*, 295 S.W.3d 309,

---

[1]    Toyota appears to complain that the May 4 Order provides it with insufficient time in which to review documents for "privilege," Motion at 3, but that is a complaint that Toyota has never asserted before, and the objective grounds for the complaint, if any, have never been articulated (even throughout Toyota's mandamus papers).

313 (Tex. 2009) (reviewing "whether the trial court abused its discretion by allowing forensic experts direct access to Weekley's Employees' electronic storage devices for imaging and searching"); *id.* at 318 & n.8 (discussing cases where "direct access" to computer hardware was or was not allowed). Here, however, the trial court expressly (and purposefully) settled on a protocol that would not provide direct access. (MR 296-97, 300-03).

12.     Toyota's motive for misrepresenting the trial court's Order is easy to see. Simply put, "direct access" is one of those buzzwords that Toyota hopes to tie into. *See* Emergency Motion for Temporary Relief at 5 (suggesting that this case is "virtually indistinguishable" from *In re VERP*, a case involving "direct access"). But *In re VERP* was a case that ***actually*** involved "direct access" – there, this Court was reviewing a trial court's "order compelling VERP to turn over its computer hard drive." *In re VERP Invest., LLC*, No. 05-15-00023-CV, slip op. at 1 (Tex. App.—Dallas Feb. 17, 2015, orig. proceeding). Here, the trial court went out of its way to resist any suggestion that Toyota would have to relinquish control of its hardware. (MR 296-97, 300-03).

13.     Toyota also purports to challenge the scope of discovery allowed by the May 4 Order, but the May 4 Order does not enlarge the scope of discovery at all. Rather, it merely requires the search for, and production of, ESI that is

responsive to the scope of discovery that had been previously ordered, back in November 2017. (*See* MR 12). While Toyota previously sought mandamus relief concerning the scope of that November 2017 Order, that request was properly denied. *In re Toyota Motor Corp.*, No. 05-17-01293-CV (Tex. App.—Dallas Nov. 21, 2017, orig. proceeding).[2]

14.  While Toyota re-asserts those challenges through this mandamus, its challenges do not nearly establish either (1) a clear abuse of discretion or the violation of any duty imposed by law or (2) the absence of a clear and adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding).

15.  This is especially the case since, with respect to ESI, parties are ordinarily expected to voluntarily "share relevant information concerning electronic systems and storage methodologies so that agreements regarding protocols may be reached." *In re Weekley Homes*, 295 S.W.3d 309, 321 (Tex. 2009). In turn, trial courts are specifically expected to oversee this process, and, ultimately, "to craft discovery orders" to facilitate these efforts, *id.*, which is precisely what the trial court has done here.

---

[2] Toyota also suggests that the May 4 Order requires Toyota to translate its document production into English. Not true. The May 4 Order only requires the translation of specific documents – reflecting the organizational schema of Toyota's databases – so that the parties and the Court can intelligently oversee Toyota's ESI searches.

16. Unfortunately, Toyota's strategy in this case has been to do whatever it can to "run out the clock," hoping to cut off Plaintiffs' discovery efforts at the knees by resisting, resisting, resisting, and then saying, "Sorry, but time's up." The substance and timing of this mandamus petition illustrate that strategy well.

17. Since granting Toyota's request is supported by neither the law nor the equities of the current mandamus petition, the Reavises respectfully request that the Motion for an Emergency Stay be denied.

### PRAYER

WHEREFORE, the real parties in interest respectfully pray that the Court lift the Emergency Stay on the May 4 Order, deny Relators' requested relief, and provide the real parties in interest such other relief to which they may be entitled.

Respectfully submitted,

**LAW OFFICES OF FRANK L. BRANSON P.C.**

/s/ Eric Stahl

Eric T. Stahl
  State Bar No. 00794685
18th Floor, Highland Park Place
4514 Cole Avenue
Dallas, TX  75205-4185
Telephone:  (214) 522-0200
Facsimile:    (214) 521-5485

**ATTORNEYS FOR THE REAVISES,
REAL PARTIES IN INTEREST**

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was electronically filed with the Clerk of the Court and served using the Court's electronic case filing system on May 21, 2018.

/s/ Eric Stahl