**Opinion issued July 18, 2023**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-22-00926-CV

_____

### IN RE HARTFORD CASUALTY INSURANCE COMPANY, Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

Relator, Hartford Casualty Insurance Company (Hartford), filed a petition for a writ of mandamus challenging the trial court's October 13, 2022 order compelling the deposition of a Hartford corporate representative. In its mandamus petition, Hartford argued that the trial court's order amounted to an abuse of discretion because it "compel[led] impermissible discovery."

After reviewing the petition, response, reply, and the record, and in compliance with the standard set by the Texas Supreme Court, we conditionally grant Hartford's petition for writ of mandamus.[1] *See generally, In re USAA Gen. Indem. Co.*, 624 S.W.3d 782 (Tex. 2021).

## Background

The underlying litigation arises out a lawsuit initiated by real party in interest, Tommy Dale Privett, against Hartford in which Privett asserts claims pursuant to the underinsured motorist coverage (UIM) provisions of his automobile insurance policy with Hartford (the Policy).

On or around October 29, 2020, Privett was involved in an automobile accident with a third party, Laura Conklin Waligura. Privett settled all claims he may have had against Waligura in exchange for the full limit of coverage available to Waligura, $30,000. In connection with Privett's settlement of claims with Waligura, there was no judicial determination of liability, no judicial determination that Waligura had caused any alleged injury to Privett in connection with the automobile accident, nor any judicial determination that the damages purportedly suffered by Privett in connection with the automobile accident exceeded $30,000.

---

[1] The underlying case is *Tommy Dale Privett v. Hartford Casualty Insurance Co.*, Cause No. 37665, in the 335th District Court of Washington County, Texas, the Honorable Reva Towslee-Corbett presiding.

After settling for the full policy limit available to Waligura, believing his damages were greater than $30,000, Privett initiated the underlying lawsuit against Hartford on September 23, 2021. In his petition, Privett sought a declaration from the trial court that he was entitled to UIM benefits from Hartford under the Policy.

Notably, Hartford does not dispute that (1) Privett had an insurance policy with Hartford "in full force and effect on the date" of the accident, (2) Privett is a "covered person" under the terms of the Policy, (3) the Policy included bodily injury and underinsured motorist benefits coverage of $501,000, and (4) the accident constituted an "accident" under the terms of the Policy. Hartford's mandamus petition stated that the "only issues in dispute" were (1) liability for the accident, (2) the nature and extent of Privett's injuries, and (3) the extent, if any, of Waligura's underinsured status.

On February 3, 2022, Privett noticed the deposition of a Hartford corporate representative, seeking testimony from Hartford on four topics, including:

1. whether Waligura was an owner or operator of an underinsured motor vehicle at the time of the accident;

2. any facts supporting Hartford's legal theories and defenses;

3. the amount and basis for Hartford's valuation of Privett's damages; and

4. Hartford's claims and defenses regarding Privett's assertions in th[e] lawsuit, including but not limited to the following subject matters: (a) Hartford's contentions regarding the cause of the collision which forms the basis of the lawsuit including but not limited to Hartford's contentions regarding the identity of each

person whose negligence was a proximate cause of the collision and Hartford's contentions regarding the proportionate responsibility of each such person and the factual bases of such contentions, (b) Hartford's contentions regarding the nature and extent of the alleged injuries brought by Privett and the amount of damages asserted by Privett, and the factual bases for such contentions, and (c) Hartford's contentions regarding other causes for the injuries alleged by Privett in this lawsuit and the factual bases for such contentions.

On February 8, 2022, Hartford filed a motion to quash and for protection from the corporate representative deposition. In its motion, Hartford objected to the time and place of the deposition. Hartford also argued that it was entitled to protection from producing a corporate representative(s) on the topics noticed by Privett because "[t]he scope of relevant discovery in uninsured/underinsured motorist (UM/UIM) cases differs from other insurance disputes because, unlike first-party cases in which the terms of the policy alone dictate the outcome, UM/UIM coverage hinges on the liability of the alleged uninsured/underinsured, at-fault third-party motorist." Consequently, Hartford asserted that any "contractual obligation to pay benefits does not arise until liability and damages are determined." And, as noted above, there was no judicial determination that Waligura was liable for the automobile accident, or the alleged damages sustained by Privett.

At the time Hartford filed its motion to quash and request for protection, the corporate representative deposition of Hartford was stayed. *See* TEX. R. CIV. P. 199.4 ("If the motion [to quash or for protection from a noticed deposition] is filed

4

by the third business day after service of the notice of deposition, an objection to the time and place of a deposition stays the oral deposition until the motion can be determined.").

On July 7, 2022, Privett filed a motion to compel the Hartford corporate representative deposition. In his motion to compel, Privett asserted that the deposition topics noticed were relevant and proportional as "recent case law confirms that the . . . list of [deposition] topics offered by . . . Privett [were] neither overly burdensome to [Hartford], better discovered by another means, or out of the scope of relevance."

Hartford responded to Privett's motion to compel on August 24, 2022. In its response, Hartford asserted that based on recent Texas Supreme Court precedent, the scope of the requested deposition topics was not proportional to the needs of the case. In support of its response to Privett's motion to compel, Hartford submitted the Declaration of James Doan, an individual employed by Hartford as a "Claims Consultant," along with its entire non-privileged claim file, including: the Policy, Hartford's written discovery responses, Privett's previously produced medical records, excerpts from Privett's deposition, the police report from the automobile accident, Privett's letter of representation, Hartford's responsive acknowledgement letters containing a questionnaire application for benefits, various correspondence

related to medical records, photographs of the damaged vehicles, and Privett's corporate representative deposition notice.

On October 13, 2022, the trial court entered an order granting Privett's motion to compel, ordering Hartford to produce a corporate representative to testify on each of the topics requested by Privett.

On December 14, 2022, Hartford filed its petition for writ of mandamus. A response was requested by the Court, and on February 1, 2023, Privett filed a response to Hartford's mandamus petition. On February 16, 2023, Hartford filed a reply in support of its mandamus petition.

**Standard of Review**

Mandamus is an extraordinary remedy that is only available in limited circumstances. *See Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992). Mandamus relief is only appropriate where the relator establishes that the trial court has abused its discretion or violated a legal duty, and the party has no adequate remedy by appeal. *See id.* A trial court abuses its discretion where "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Id.* at 839; *see also In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003).

In the case of a challenge to a decision within the trial court's discretion, mandamus will only issue where a relator establishes that "the trial court failed to reach the only reasonable conclusion." *In re Mem'l Hermann Hosp. Sys.*, 464

6

S.W.3d 686, 698 (Tex. 2015). "The scope of discovery and the admission of evidence is principally within the discretion of the trial court." *Id.* ("A reviewing court may not substitute its judgment for that of the trial court regarding the resolution of fact issues or matters committed to the trial court's discretion." (internal quotations omitted)); *see also In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) ("[M]andamus will issue to correct a discovery order if the order constitutes a clear abuse of discretion and there is no adequate remedy by appeal.").

However, a "trial court abuses its discretion by ordering discovery that exceeds that permitted by the rules of procedure." *See In re CSX Corp.*, 124 S.W.3d at 152. Further, mandamus relief may be available where a trial court orders a corporate representative deposition in an UIM case. *See In re Home State Cnty. Mut. Ins. Co.*, No. 05-21-00873-CV, 2022 WL 1467984, at *1 (Tex. App.—Dallas May 10, 2022, orig. proceeding) (mem. op.) (concluding trial court abused its discretion by compelling deposition of corporate representative of insurer on topics nearly identical to those requested in this case).

### Analysis

In its mandamus petition, Hartford argued that the "deposition of Hartford's corporate representative [was] not permitted under [Texas Rule of Civil Procedure] 192.4," because it was not proportional to the needs of the case under the standards

set out by the Texas Supreme Court. For the reasons detailed below, we conditionally grant Hartford's petition for writ of mandamus.

### A. *Scope of Permitted Discovery*

The scope of discovery is governed by the Texas Rules of Civil Procedure. Generally, a party to a lawsuit is entitled to discovery regarding "any matter that is not privileged and is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party." *See* TEX. R. CIV. P. 192.3(a). Further, evidence is discoverable even if it would not be admissible at trial so long as it "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

However, to be discoverable, the requested discovery must be proportionate to the needs of the case, and a trial court should limit otherwise permissible discovery if:

(a)    the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or

(b)    the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

TEX. R. CIV. P. 192.4.

Determinations regarding the proportionality of requested discovery "requires case-by-case balancing." *See In re State Farm Lloyds*, 520 S.W.3d 595, 607 (Tex. 2017). Proportionality acts as a "guard against redundant or disproportionate discovery by giving [a trial] court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry." *Id.* at 614. Notably however, complaints regarding the proportionality of requested discovery must be supported with evidence; mere conclusory allegations are insufficient. *See In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 253 (Tex. 2021).

The Texas Supreme Court has recently addressed the scope of discovery insureds are entitled to in a UIM case. *See generally In re USAA*, 624 S.W.3d at 792–93. In that case, similar to the present case, an insured was involved in an automobile accident with a third party. *See id.* at 785. The insured settled with the third party and sued his insurer seeking to recover benefits under his policy's UIM provisions. *Id.* The insured served the insurer with notice of intent to take the oral deposition of the insurer's corporate representative. *Id.* at 786.

The notice identified several "areas" the deposition would cover, including, but not limited to:

1. whether the third-party driver "was an uninsured/underinsured motorist at the time of the collision,"

2. "[a]ny facts supporting [the insurer's] legal theories and defenses,"

3.  "[t]he amount and basis for the [insurer's] valuation of the [insured's] damages," and

4.  the insurer's "claims and defenses regarding [the insured's] assertions in this lawsuit."

*Id.*  The insurer filed a motion to quash the corporate representative deposition, asserting that the deposition was not proportionate to the needs of the case, that any representative would lack first-hand knowledge of the requested topics, and that the discovery could be obtained through other sources that were more convenient, less burdensome, and less expensive.  *Id.* at 787.

Significantly, the only evidence provided by the insurer in support of its motion was "the police report regarding the underlying accident."  *Id.* at 792.  After a hearing, the trial court denied the motion to quash.  *Id.* at 787.

On mandamus review, the Texas Supreme Court concluded that the insurer had failed to establish that the requested corporate representative topics were not proportionate to the needs of the case.  *See id.* at 792–93.  However, the Texas Supreme Court did "not hold that a UIM carrier [could] never demonstrate that proportionality concerns foreclose[d] a corporate representative's deposition."  *Id.* at 792.  Specifically, the court noted that:

> [I]n moving to quash the deposition notice, [the insurer] could have disclosed documents, or referenced previously disclosed documents, providing the information in its possession regarding the liability and damages issues in the case.  That information, combined with [the insurer's] lack of personal knowledge of any relevant facts, could show

that a corporate representative's deposition would provide little if any additional benefit in relation to the cost.

*Id.*

### B. *Proportionality of Privett's Corporate Representative Topics*

In its mandamus petition, Hartford argued that the deposition of its "corporate representative [was] not permitted under [Texas Rule of Civil Procedure] 192.4 because it [would] provide little, if any, additional benefit in relation to the cost, and Hartford supported [that] conclusion with sufficient evidence pursuant to" Texas Supreme Court precedent.

As is noted in his response to the mandamus petition, Privett's corporate representative topics are nearly identical to topics in *In re USAA*, where the Texas Supreme Court permitted the insured to depose a corporate representative of the insurer. *See In re USAA*, 624 S.W.3d at 795. In fact, Privett stated that he "speci[fic]ally tailored his list of topics to . . . track those ordered in" *In re USAA*. Privett asserted that "[a]llowing Hartford to be deposed on [its] basic contentions allow[ed] the discovery process to reach the ends it [was] aimed at achieving and [was] in alignment with the permissible topics" identified in *In re USAA*.

Hartford, in contrast, asserted that this case is distinguishable from *In re USAA*. In *In re USAA*, the Texas Supreme Court held that based "on the record before" the court, the corporate representative topics were "not out of proportion to the needs and circumstances of the case." *Id.* However, unlike in *In re USAA*,

11

Hartford asserted that it does not rely exclusively on an unsupported contention that no corporate representative has "personal knowledge of any facts pertinent to liability." *See id.* at 792–93 (concluding UIM carrier can "demonstrate that proportionality concerns foreclose" corporate representative deposition by "disclos[ing] documents, or referenc[ing] previously disclosed documents, [and] providing the information in its possession regarding the liability and damages in the case").

Instead, in support of its response to Privett's motion to compel the corporate representative deposition, Hartford submitted the Declaration of James Doan, a Hartford "Claims Consultant," as well as its entire non-privileged claim file, including: the Policy, Hartford's written discovery responses, Privett's previously produced medical records, excerpts from Privett's deposition, the police report from the automobile accident, Privett's letter of representation, Hartford's responsive acknowledgement letters containing a questionnaire application for benefits, various correspondence related to medical records, photographs of the damaged vehicles, and Privett's corporate representative deposition notice.

According to Hartford, its production distinguishes this case from *In re USAA* and it satisfied the burden established by the Texas Supreme Court. Hartford further relied on a decision from our sister appellate court, which, under similar circumstances, concluded that a trial court abused its discretion by failing to quash

12

the corporate representative deposition of an insurer. *See In re Home State*, 2022 WL 1467984, at *1.

In that mandamus proceeding, decided after the Texas Supreme Court's decision in *In re USAA*, the Dallas court of appeals granted an insurer's mandamus petition, holding that "applying the standard with the facts articulated in *[In re] USAA*," the trial court erred by denying the insurer's motion to quash a corporate representative deposition. *Id.* Notably, in that case, the insured sought a corporate representative of the insurer to testify on topics virtually identical to those requested by Privett. *Id.* at *1–2. The appellate court noted that, while the Texas Supreme Court allowed the insured to depose a corporate representative on those topics in *In re USAA*, the insurer in its case, "unlike the insurer in *[In re] USAA* . . . supported its proportionality objection by disclosing documents and referencing previously disclosed documents that provided the information in its possession regarding the liability and damages issues in this case." *Id.* at *4. The Dallas court of appeals went on to state that "[a]pplying the reasoning in *[In re] USAA*, we conclude that the information [the insurer] provided, combined with its lack of personal knowledge, established that a corporate representative's deposition would provide little, if any, additional benefit in relation to the cost." *Id.*

Similarly, in its mandamus petition, Harford argued that its "corporate representative deposition would shed absolutely no light, whatsoever, as to the core

issues presented by the [underlying lawsuit], i.e., Waligura's liability, Privett's resulting damages, or the extent of Waligura's underinsured status." (Emphasis omitted.) And, like in *In re Home State*, and unlike in *In re USAA*, Hartford "disclosed documents, providing the information in its possession regarding the liability and damages in the case." *See In re USAA*, 624 S.W.3d at 792–93.

Based on the record presented to us, we conclude that the information and documentation provided by Hartford, combined with its lack of personal knowledge, established that a corporate representative deposition would provide little, if any, additional benefit in relation to the cost, and is therefore not proportionate to the needs of this case. *See id.* at 793; *see also In re Home State*, 2022 WL 1467984, at *4. Because the trial court's ordered discovery "exceed[ed] that permitted by the rules of procedure," it abused its discretion by compelling the deposition of a corporate representative of Hartford. *See In re CSX Corp.*, 124 S.W.3d at 152.

Because we conclude that the trial court abused its discretion by requiring Hartford to produce a corporate representative for deposition regarding the topics requested by Privett, we further conclude that Hartford has no adequate remedy by appeal. *See id.* at 153.

**Conclusion**

We hold that the trial court abused its discretion by compelling Hartford to produce a corporate representative for deposition on the topics requested by Privett,

and the trial court's order leaves Hartford without an adequate remedy on appeal. Accordingly, we conditionally grant Hartford's petition for writ of mandamus and direct the trial court to vacate its October 13, 2022 order compelling the corporate representative deposition of Hartford. We are confident that the trial court will comply with this Court's ruling, and the writ will issue only if the trial court fails to comply within thirty days of the date of this opinion. All pending motions are dismissed as moot.

        Amparo Guerra
        Justice

Panel consists of Chief Justice Adams and Justices Guerra and Farris.