Petition for Writ of
Mandamus Denied and Memorandum Opinion filed August 25, 2011.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00579-CV

NO. 14-11-00580-CV

____________

 

IN RE CYPRESS TEXAS LLOYDS and CRAWFORD & COMPANY,
Relators

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

268th District Court

Fort Bend County, Texas

Trial Court Cause Nos. 10-DCV-177586 &
10-DCV-176764

 

 

 



M E M O R
A N D U M   O P I N I O N

            On July 5, 2011, relators, Cypress Texas Lloyds and Crawford
& Company, filed a petition for writ of mandamus in this court.  See
Tex. Gov’t Code § 22.221; see also Tex. R. App. P. 52.  Relators
complain that respondent, the Honorable Brady G. Elliott, presiding judge of
the 268th District Court of Fort Bend County, has abused its discretion in denying
relator Cypress Texas Lloyds’s motion for protection and ordering both relators
to produce “information and documents pertaining to attorney’s fees” in the
underlying litigation.  Relators also filed a motion for emergency stay, which
this court granted on July 5, 2011.  See Tex. R. App. P. 52.10.  We also
requested that the real parties in interest respond to the petition, and they
have now done so.

            This petition arises out of two suits alleging breach of
contract and Insurance Code violations in the handling of Hurricane Ike
claims.  At issue in this proceeding is relators’ objection to producing “documents
and information pertaining to attorneys’ fees.”  In this proceeding, relators’
sole argument is that the trial court abused its discretion because the
information sought is not relevant to the claims in the underlying litigation
and production would be burdensome.  

            On June 24, 2011, the trial court held a hearing on Cypress
Texas Lloyds’s motion for protection from discovery.  At the hearing, the real
parties’ counsel asserted, “We’re not asking for the attorney-client charges. 
We’re just asking for how much they charge.”  The trial court stated, “Give it
to him.”  The court also instructed, “You will redact out any part of it that
describes what you’ve been doing at the hourly rate and so forth.”  There was
no further discussion specifying what was to be produced.  The court did not
state that the motion for protection was denied.  The trial court concluded the
hearing by instructing counsel to submit written orders reflecting its
rulings.  According to the real parties, no orders were submitted or signed.  No
signed order is included in our mandamus record.  See Tex. R. App. P.
52.3(k)(1).  Relators have provided a record from the hearing.  See Tex.
R. App. P. 52.7(a)(2).  

            Mandamus is an extraordinary remedy that will issue only if
(1) the trial court clearly abused its discretion and (2) the party requesting
mandamus relief has no adequate remedy by appeal.  In re Prudential Ins. Co.
of Am., 148 S.W.3d 124, 135–36 (Tex. 2004).  A trial court abuses its
discretion if it reaches a decision so arbitrary and unreasonable as to amount
to a clear and prejudicial error of law, or if it clearly fails to analyze or
apply the law correctly.  In re Cerberus Capital Mgmt., L.P., 164 S.W.3d
379, 382 (Tex. 2005).  In determining whether appeal is an adequate remedy, we consider
whether the benefits of mandamus review outweigh the detriments.  In re BP
Prods. N. Am., Inc., 244 S.W.3d 840, 845 (Tex.2008) (orig. proceeding).

Mandamus may be appropriate when “a discovery order compels
the production of patently irrelevant or duplicative documents, such that it
clearly constitutes harassment or imposes a burden on the producing party for
out of proportion to any benefit to the requesting party.”  Walker v.
Packer, 827 S.W.2d 833, 843-44 (Tex. 1992) (concluding that realtor had
adequate remedy by appeal to challenge a discovery order).  The heavy burden of
establishing an abuse of discretion and an inadequate appellate remedy is on
the party resisting discovery.  In re CSX Corp., 124 S.W.3d 149, 151
(Tex.2003).  

In this proceeding, the respondent has not signed a written
order.  Mandamus relief may be based on oral ruling only if the ruling is a
“clear, specific, and enforceable order that is adequately shown by the record.”
 In re Baldridge, No. 14-06-00647-CV, 2006 WL 2167239, * 1 (Tex.
App.—Houston [14th Dist.] 2006, orig. proceeding) (quoting In re Bledsoe,
41 S.W.3d 807, 811 (Tex. App.—Fort Worth 2001, orig. proceeding)).  The oral
ruling in this case lacks specificity.

Relators have not met the heavy burden to establish their
entitlement to relief.  Accordingly, we deny relators’ petition for writ of
mandamus.  This court’s stay order issued July 5, 2011, is vacated.

 

                                                                        PER
CURIAM

 

Panel
consists of Chief Justice Hedges and Justices Seymore and Boyce.