**Petition for Writ of Mandamus Denied and Memorandum Opinion filed October 4, 2011.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

### NO. 14-11-00796-CV

## IN RE DOW AGROSCIENCES LLC AND THE DOW CHEMICAL COMPANY, Relators

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**11th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-29975**

## MEMORANDUM OPINION

On September 14, 2011, relators Dow Agrosciences LLC and The Dow Chemical Company (collectively referred to as "Dow") filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. §22.221; *see also* Tex. R. App. P. 52. In the petition, Dow asks this court to compel the Honorable Mike Miller, presiding judge of the 11th District Court of Harris County to vacate his September 12, 2011 order denying Dow's plea to the jurisdiction. Dow contends that Cooper's state-law tortious interference claim

pending against it in the 11th District Court is subject to exclusive federal jurisdiction and should be dismissed because that claim implicates federal patent law.

## Background

Cooper Industries and ABB signed a Settlement and License Agreement on October 7, 2005, which resolved a 2003 lawsuit in which Cooper alleged that ABB's BIOTEMP product infringed several patents owned by Cooper. BIOTEMP is a vegetable oil-based dielectric fluid used to electrically insulate and thermally protect electrical distribution and power equipment such as transformers. Cooper holds the patents on BIOTEMP.

Since 2009, Dow has been producing BIOTEMP. Cooper alleged that ABB has the right to produce BIOTEMP under the Settlement and License Agreement, but does not have the right to license production to Dow. At least three disputes have arisen concerning the Settlement and License Agreement, and the production of BIOTEMP. The disputes include (1) competing declaratory judgment actions filed in state and federal court; (2) a breach of contract action filed in the 334th District Court in Harris County, currently pending in state court; and (3) a tortious interference action filed in the 11th District Court in Harris County. The tortious interference action is the underlying action in this mandamus.

### *Declaratory Judgment Actions*

On July 29, 2009, ABB sued Cooper in the United States District Court for the Southern District of Texas seeking a declaration that its activities are authorized under the Settlement and License Agreement. In September 2009, Cooper filed its own declaratory judgment action in state district court seeking a declaration that the agreement did not allow Dow to manufacture BIOTEMP for ABB, and that ABB's actions exceeded its rights under the agreement. *ABB, Inc. and ABB Holdings, Inc. v. Cooper Industries,*

*LLC and Cooper Power Systems, Inc.*, 635 F.3d 1345, 1346 (Fed. Cir. 2011). On November 16, 2009, ABB amended its complaint in federal district court; as amended, the complaint seeks a declaration that ABB "does not infringe, and has not infringed directly, willfully or otherwise, any valid enforceable claim" of the Cooper patents. *Id.* The Federal Circuit held that federal jurisdiction exists for this dispute because the controversy in the declaratory judgment action focuses on patent infringement. *Id.* at 1350.

### Breach of Contract Action

On September 8, 2009, Cooper sued ABB in the 334th District Court in Harris County seeking a declaration that the Settlement and License Agreement did not allow a third party to manufacture BIOTEMP. ABB filed notice of removal to the United States District Court for the Southern District of Texas. The federal district court remanded the case after concluding that "Cooper has not artfully pleaded a contract claim around a necessarily federal patent dispute." *Cooper Industries, L.L.C., et. al. v. ABB Holdings, Inc., et. al.*, No. H-09-3534; 2010 WL 173547 at \*3 (S.D. Tex. Jan. 19 2010) (not reported in F.Supp.2d). In so doing, the federal district court stated that Cooper's action against ABB "does not center on whether BIOTEMP falls within the Cooper patents – that is undisputed." *Id*. at ___. "It is a question of whether the license agreement allows ABB to manufacture BIOTEMP via a third party." *Id*. "Such a determination rests on contract interpretation, not patent law." *Id*. "Remand, therefore, is appropriate." *Id.*

On March 11, 2010, Cooper amended its suit in the 334th District Court to include a breach of contract claim and demand for actual damages and injunctive relief. On March 3, 2011, ABB removed the suit in the 334th District Court for a second time.

ABB predicated its second removal on a footnote in the Federal Circuit's 2011 opinion addressing the separate federal action in which ABB sought a declaration of non-

infringement. The federal district court again remanded the case because: (1) ABB's notice of removal was untimely, and (2) the Federal Circuit "did not issue a *holding* impacting this case" in its 2011 opinion *Cooper Industries, L.L.C. and Cooper Power Systems, Inc. v. ABB Holdings Inc. and ABB Inc.*, No. H-11-791 (S.D. Tex. May 25, 2011) (not reported in F.Supp.2d) (original emphasis).

ABB subsequently filed a plea to the jurisdiction in the 334th District Court requesting dismissal of Cooper's breach of contract action based on federal jurisdiction over patent disputes. The 334th District Court denied ABB's plea on August 11, 2011.

### *Tortious Interference Action*

On May 12, 2010, Cooper filed the underlying action in the 11th District Court in Harris County. In that suit, Cooper asserted claims for tortious interference and civil conspiracy against Dow. Cooper alleged that Dow interfered with the Settlement and License Agreement between Cooper and ABB by (1) manufacturing BIOTEMP for ABB, and (2) receiving assistance from ABB in a suit Dow filed against Cooper in Indiana federal court.

On March 3, 2011, Dow removed the tortious interference action to the United States District Court for the Southern District of Texas. On July 15, 2011, the federal district court remanded the case.

On August 19, 2011 — eight days after the 334th District Court ruled on ABB's plea to the jurisdiction in the breach of contract action between Cooper and ABB — Dow filed a plea to the jurisdiction in the 11th District Court. In its plea, Dow argued that footnote 3 of the Federal Circuit's 2011 opinion "confirmed that an essential element of one of plaintiffs' tortious interference claims in this case raises a substantial question of federal patent law, conferring exclusive federal jurisdiction over this claim[.]" On

4

September 12, 2011, the respondent denied Dow's plea to the jurisdiction in the tortious interference action.  This petition for writ of mandamus followed.

## Mandamus Standard

Mandamus relief is appropriate only if a trial court abuses its discretion and no adequate appellate remedy exists.  *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003). Mandamus relief is available if the trial court abuses its discretion, either in resolving factual issues or in determining legal principles, when there is no other adequate remedy at law.  *See Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992).  A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to analyze or apply the law correctly.  *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005).

## Analysis

Dow invokes footnote 3 of  the Federal Circuit's 2011 opinion to argue that a substantial question of federal patent law is presented by Cooper's tortious interference action in the 11th District court..  Footnote 3states:

> Even if [Cooper] did [seek damages under a contract theory], such a claim would be within federal subject matter jurisdiction because Cooper's "right to relief [would] necessarily depend [ ] on resolution of a substantial question of federal law," i.e. whether ABB had, in fact, infringed the patents.  *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)).

*ABB, Inc.*, 635 F.3d at 1348, n. 3.  Dow relies on this footnote in contending that Cooper's claim predicated on Dow's alleged tortious interference with the Settlement and License Agreement between Cooper and ABB depends on the resolution of a substantial question of patent law..

In addressing the nature of Cooper's claim against ABB for breaching the Settlement and Licensing Agreement following the second removal, ABB, the federal district court held that the Federal Circuit's footnote 3 discussion of removability (1) was not essential to its ruling with respect to federal jurisdiction over ABB's separate action seeking a declaration of non-infringement following Cooper's threat to enforce its patent rights; and (2) did not constitute a binding ruling. *Cooper Industries, L.L.C. and Cooper Power Systems, Inc. v. ABB Holdings Inc. and ABB Inc.*, slip op. at p. 7.

The federal district court held:

> The Federal Circuit's assertion that a claim *it did not believe Cooper to be making* would be removable *if it were raised* is clearly not essential to that court's ruling that ABB's separate declaratory judgment action is within the subject matter jurisdiction of the federal courts. It is, in fact, classic *dictum*.
>
> * * * * *
>
> [T]he Federal Circuit has not issued a ruling on the issue of removability in this case — and certainly did not do so by making a passing mention of its unsolicited view on removal in the hypothetical it propounded. While it is essential to the Federal Circuit's ruling to note what it perceives to be a lack of available remedies under state law so as to support its conclusion that Cooper must ultimately resort to a patent infringement suit, it is entirely unnecessary to that ruling to determine whether any particular state law claim Cooper has or has not made is or would be removable. Therefore, there is no "binding ruling" issued in this case by the Federal Circuit, and, accordingly, no basis for removal arising therefrom.

*Id.* (original emphasis).

ABB invoked footnote 3 again after the second remand by way of a plea to the jurisdiction in the breach of contract action pending in the 334th District Court; that court also denied the plea to the jurisdiction. .

Following an unsuccessful effort to remove the tortious interference claim against it, Dow also filed a plea to the jurisdiction in the 11th District Court invoking footnote 3

of the 2011 Federal Circuit opinion. This is the same argument ABB relied upon in ABB's failed second removal of the breach of contract action. The result is the same.

We agree with the federal district court's analysis regarding the absence of a cognizable holding in footnote 3 of the 2011 Federal Circuit opinion with respect to removability or the federal nature of claims other than the specific claim being resolved in that appeal — namely, ABB's requested declaration of non-infringement.

We also agree with the federal district court's analysis of Cooper's reliance upon the Settlement and License Agreement as a basis for pursuing state-court claims. As the federal district court recognized, Cooper's contract-based claim against ABB does not focus on whether BIOTEMP falls within the Cooper patents. It does. Instead, Cooper's contract-based claim against ABB focuses on "whether the license agreement allows ABB to manufacture BIOTEMP via a third party" and "rests on contract interpretation, not federal patent law." Dow — the "third party" hired by ABB to manufacture BIOTEMP – is being sued in the 11th District Court for tortiously interfering with the Settlement and License Agreement. That dispute too focuses on whether the license agreement allows BIOTEMP to be manufactured by someone other than ABB and rests on the contract rather than federal patent law.

Under these circumstances we cannot say the trial court reached a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or that its decision clearly fails to analyze or apply the law correctly. Finding no abuse of discretion, we deny Dow's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Anderson, Seymore, and Boyce.

7