

# NUMBER 13-12-00393-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE BEHRMAN A. KHAN

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela
Memorandum Opinion Per Curiam[1]**

Relator, Behrman A. Khan, pro se, filed a document entitled "Notice of Appeal" in the above cause on June 18, 2012 through which he states that he "desires to appeal and file WRIT OF MANDAMUS in this case and hence files this NOTICE OF APPEAL." The document states that: "WRIT OF MANDAMUS is being brought to the Honorable Court of Appeals to address and cure the violation of due process rights guaranteed to the Petitioner under the Texas Rules of Civil Procedure" and references several specific

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

rules of procedure. *See* TEX. R. CIV. P. 18a (governing the recusal and disqualification of judges); *id.* R. 76a(4) (governing the procedure for sealing court records); *id.* R. 87 (regarding the determination of motions to transfer venue). The document is unclear regarding the specific actions or orders complained of, or the nature of the relief sought by relator. Because the document does not reference an order or judgment subject to appeal, and the underlying trial court cause as identified in this pleading remains pending, we construe this document as a petition for writ of mandamus. *See generally* TEX. R. APP. P. 25.1(a), (d).

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

In addition to other requirements, relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the

required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief.  *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36. In fact, at the present time, the Court is unable to discern the nature of the relief sought by relator.  Accordingly, the petition for writ of mandamus is DENIED.  *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed the
21st day of June, 2012.

3