

# NUMBERS 13-12-00758-CV, 13-12-00759-CV, & 13-12-00760-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE WILLIAM HAYES WYTTENBACH

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Perkes
### Per Curiam Memorandum Opinion[1]

Relator, William Hayes Wyttenbach, proceeding pro se, filed a petition for writ of mandamus in the above causes on December 17, 2012, through which he requests that we order that: (1) the trial court erred in concluding that relator was in arrears on his child support; (2) the State of Texas has no jurisdiction "in a new original petition between the underlying parties;" (3) the State of Texas "has no continuing jurisdiction in

---

[1] See TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

the underlying matter;" (4) all orders made after filing a new petition are void; and (5) that the trial court is barred from making "any new orders of any kind in the underlying matter."

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding); *see Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). This burden is a heavy one. *See In re Epic Holdings, Inc.*, 985 S.W.2d 41 (Tex. 1998) (orig. proceeding).

In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relator has not shown himself entitled to the relief

2

sought. Accordingly, the petition for writ of mandamus filed in these causes is DENIED.

*See id.* R. 52.8(a).

PER CURIAM

Delivered and filed the
18th day of December, 2012.