

NUMBER 13-12-00748-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IN RE BAHIA MAR MAINTENANCE ASSOCIATION AND ALMA
INVESTMENTS, INC. D/B/A TEXAS ALMA INVESTMENTS

On Petition for Writ of Mandamus.

MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Longoria
Memorandum Opinion Per Curiam[1]**

Relators, Bahia Mar Maintenance Association and Alma Investments, Inc., d/b/a Texas Alma Investments, filed a petition for writ of mandamus in the above cause on December 11, 2012. The Court requested a response to the petition for writ of mandamus, and received a response on January 14, 2013 from real party in interest, Bahia Mar Co-Owners Association, Inc., by and through counsel, Jones, Galligan, Key & Lozano, L.L.P., and received a response on January 16, 2013, from real parties in

---

[1] *See* Tᴇx. R. Aᴘᴘ. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); Tᴇx. R. Aᴘᴘ. P. 47.4 (distinguishing opinions and memorandum opinions).

1

interest, Bahia Mar Co-Owners Association, Inc. (as Counter-Defendant), Bahia Mar #1 Corporation d/b/a Co-Owners Association of Bahia Mar No.1, Bahia Mar #2 Corporation d/b/a Co-Owners Association of Bahia Mar No. 2, Bahia Mar #3 Corporation d/b/a Co-Owners Association of Bahia Mar No.3, and Bahia Mar #4 Corporation d/b/a Co-Owners Association of Bahia Mar No. 4, by and through counsel, Thornton, Biechlin, Segrato, Reynolds & Guerra.

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). This burden is a heavy one. *See In re Epic Holdings, Inc.*, 985 S.W.2d 41 (Tex. 1998) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the responses thereto, and the applicable law, is of the opinion that relators have not met their burden to obtain mandamus relief. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36. Accordingly, the petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed the
22nd day of January, 2013.

2