

# NUMBER 13-13-00037-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE MOHAMMAD KOTAKI AND LISA L. TAYLOR

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Longoria
### Memorandum Opinion Per Curiam[1]

Relators, Mohammad Kotaki and Lisa L. Taylor, filed a petition for writ of mandamus and request for emergency temporary relief in the above cause on January 24, 2013. By order issued the next day, the Court granted the request for emergency temporary relief and stayed the trial court's orders of July 19, 2012 and January 22, 1013, pertaining to the award of interim attorney's fees. The Court further requested a response to the petition for writ of mandamus from the real party in interest, Shahin Zaraienh, and any others whose interest would be directly affected by the relief sought.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

Relators subsequently filed a supplemental mandamus record, and Zaraienh filed a response to the petition for writ of mandamus. Relators have also filed a reply brief in support of their petition for writ of mandamus.

To be entitled to the extraordinary relief of a writ of mandamus, relators must show that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relators have the burden of establishing both prerequisites to mandamus relief. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). This burden is a heavy one. *See In re Epic Holdings, Inc.*, 985 S.W.2d 41 (Tex. 1998) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the supplemental record, the response to the petition, and the reply, is of the opinion that relators have not met their burden to obtain mandamus relief. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36. Accordingly, the stay previously imposed by this Court is LIFTED. *See* Tex. R. App. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). The petition for writ of mandamus is DENIED. *See id.* 52.8(a).

PER CURIAM

Delivered and filed the
4th day of March, 2013.

2