

**NUMBER 13-14-00334-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**IN RE CEDRIC NICKERSON**

---

**On Petition for Writ of Mandamus.**

---

**MEMORANDUM OPINION**

**Before Justices Rodriguez, Garza, and Benavides**
**Memorandum Opinion Per Curiam[1]**

Relator, Cedric Nickerson, proceeding pro se, filed a petition for writ of mandamus in the above cause on June 17, 2014 through which he seeks to compel the trial court to withdraw an order determining relator to be a vexatious litigant and to comply with the provisions of Chapter 11 of the Texas Civil Practice and Remedies Code. *See, e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. § 11.101, 11.051 (West, Westlaw 2013 through 3d C.S.).[2]

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] We note that relator is not on the list of vexatious litigants compiled by the Office of the Court Administration of the Texas Judicial System. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.101(a), 11.102(a), 11.104 (West, Westlaw through 2013 3d C.S.); *see generally*

Mandamus is appropriate when the relator demonstrates that the trial court clearly abused its discretion and the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). In addition to other requirements, relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* Tex. R. App. P. 52.3. In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relator has not met his burden to show himself entitled to the relief sought. Other than a copy of relator's "Motion to Rescind Vexatious Order or to Enter Final Judgment," which is not file-stamped, relator has not provided any documentation regarding this matter. Accordingly, the petition for writ of mandamus is DENIED. *See* Tex. R. App. P. 52.8(a).

PER CURIAM

Delivered and filed the
30th day of June, 2014.

---

http://www.txcourts.gov/oca/vexatiouslitigants.asp. With limited exceptions, "a clerk of a court may not file a litigation, original proceeding, appeal, or other claim presented by a vexatious litigant subject to a prefiling order under Section 11.101 unless the litigant obtains an order from the local administrative judge permitting the filing." *Id.* § 11.103(a) (West, Westlaw through 2013 3d C.S.).