

**NUMBER 13-14-00492-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

**IN RE PENSION ADVISORY GROUP, INC. AND
PAUL D. HINSON**

**On Petition for Writ of Mandamus.**

**MEMORANDUM OPINION**

**Before Chief Justice Valdez and Justices Garza and Longoria
Memorandum Opinion Per Curiam[1]**

Relators, Pension Advisory Group, Inc. and Paul D. Hinson, filed a petition for writ of mandamus in the above cause on September 2, 2014 seeking to compel the trial court to: (1) withdraw its order overruling relators' objections to and affirming an omnibus order issued by the special master, and (2) grant a de novo hearing and determination on the issues addressed by that order. The Court requested and received a response to the

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

petition for writ of mandamus from the real parties in interest, Fidelity Security Life Insurance Company and David Smith, who have also filed a motion for sanctions against relators on grounds that they omitted an obviously important and material fact in the petition and filed a record that was clearly misleading because of the omission of an obviously important and material document. *See* TEX. R. APP. P. 52.11. The Court has also received a reply to the response from relators.

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court abused its discretion and that there is no adequate remedy by appeal*. In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the response thereto, and the reply, is of the opinion that relators have not shown themselves entitled to the relief sought. Accordingly, the petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a). We have carefully considered the real parties' motion for sanctions; however, the motion for sanctions is likewise DENIED.

PER CURIAM

Delivered and filed the
16th day of September, 2014.

2