

**NUMBER 13-14-00749-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

**IN RE JAY GOODMAN**

**On Petition for Writ of Mandamus.**

**MEMORANDUM OPINION**

**Before Chief Justice Valdez and Justices Rodriguez and Garza**
**Per Curiam Memorandum Opinion[1]**

Relator, Jay Goodman, proceeding pro se, filed a petition for writ of mandamus on December 22, 2014, through which he requests that we order the trial court to issue rulings on: (1) relator's first motion to compel discovery from real party in interest, Lanell Doss; (2) relator's motion to rule on deemed admissions; and (3) relator's motion for "court's position on expert report.

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court abused its discretion and that there is no adequate remedy by

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding); *see Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relator has not shown himself entitled to the relief sought. The petition for writ of mandamus fails generally to comply with Texas Rule of Appellate Procedure 52 and, further, relator has not furnished this Court with any supporting documentation in the form of an appendix or record. Accordingly, the petition for writ of mandamus filed in this cause is DENIED. *See id.* R. 52.8(a).

PER CURIAM

Delivered and filed the 23rd
day of December, 2014.

2