**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00302-CV**
_____

**IN RE SADDLES BLAZIN, LLC**

**Original Proceeding**
**284th District Court of Montgomery County, Texas**
**Trial Cause No. 18-03-03200-CV**

**MEMORANDUM OPINION**

Relator Saddles Blazin, LLC ("Saddles") filed an application for writ of
mandamus, in which Saddles argues that the trial court abused its discretion by (1)
entering an amended docket control order ("ADCO") that included retroactive expert
designation and pleading deadlines that were impossible to meet; (2) ordering the
parties to do more than required by the Texas Rules of Civil Procedure to designate
expert witnesses; (3) refusing to accept Saddles' prior timely designation of expert
witnesses, which Saddles asserts it made by responding to the real party in interest's

requests for disclosure; (4) determining that Saddles was not entitled to an exception to exclusion of its experts under Rule 193.6; (5) excluding Saddles' experts although Saddles had designated them under the applicable rules and the prior docket control order; and (6) denying Saddles' motion for leave to file its first amended answer and expert designation list. For the reasons explained below, we conditionally grant the petition for writ of mandamus.

## BACKGROUND

Saddles filed the underlying lawsuit against the real party in interest, KRG Portofino LLC ("KRG"), asserting causes of action for alleged fraud in a real estate transaction by misrepresentation and nondisclosure, common law fraud, deceptive trade practices, bad-faith retention of its security deposit, and declaratory judgment regarding KRG's alleged failure to disclose that the leased property contained asbestos. In its answer, KRG pleaded a general denial, specifically denied actual knowledge of asbestos in the subject premises, and asserted a counterclaim against Saddles for alleged breach of the lease agreement.

The trial court signed its original docket control order ("DCO") on April 18, 2019. In the DCO, the trial judge scheduled trial for September 16, 2019, and ordered that the pleadings must be filed no later than ninety days before trial (*i.e.*, June 18, 2019), and discovery responses must be filed no later than sixty days before trial

2

(*i.e.*, July 18, 2019). On July 9, 2019, the trial judge signed an order granting the parties' agreed motion for continuance, waiver of jury trial, and request for a non-jury trial setting. In said order, the trial judge scheduled the case for trial on November 4, 2019.

On July 9, 2019, the trial judge also signed the ADCO, which scheduled trial for November 4, 2019, and required all amendments and supplements to be filed no later than 150 days before trial (*i.e.*, June 7, 2019). The order further provided that a party seeking affirmative relief must file its expert witness designation no later than 150 days before trial, and "[a]ll other parties" must file their expert witness designation no later than 120 days before trial (*i.e.*, July 8, 2019). The order's provision dealing with expert witness designations specifically stated, "A Rule 194 disclosure is not a substitute for this filed designation." The order required the parties to file their discovery responses no later than ninety days before trial (*i.e.*, August 6, 2019).

On July 25, 2019, Saddles filed a motion for leave to file an amended answer, in which Saddles asserted that "[l]ikely inadvertently and resulting from a difference in standardized forms," the ADCO "added an expired deadline for expert witness designations, June 7, 2019." Saddles' motion also pointed out that the ADCO added a requirement that the parties file a list containing the name, address, telephone

3

number, subject of the testimony, and opinions that each expert would proffer, and the ADCO also "retroactively changed the pleading deadline from June 18, 2019[,] to June 7, 2019, eleven days earlier than the prior deadline." In its motion, Saddles pleaded that the parties had engaged in basic written discovery and had designated experts, but no depositions had occurred and discovery was ongoing. Saddles asserted that there would be "no surprise or prejudice" in permitting it leave to file its expert designation list and first amended answer. According to Saddles, it did not comply with the ADCO's requirements "because they simply did not exist before the Court granted the continuance and issued the [ADCO]." Saddles also pointed out that Rule 63 generally permits parties to amend pleadings up to seven days before trial. *See* Tex. R. Civ. P. 63.

KRG opposed Saddles' motion for leave, stating that KRG had agreed to a brief continuance of less than thirty days because of scheduling conflicts and pointing out that the motion for continuance "was not based on any need by Saddles for additional time to amend pleadings or to designate additional experts." In its response to Saddles' motion, KRG pleaded that the pleadings and expert deadlines under the prior DCO had passed when Saddles filed the motion for continuance. According to KRG, although the original DCO did not provide a deadline for designating expert witnesses, Rule 195.2(a) of the Texas Rules of Civil Procedure

4

requires a party seeking affirmative relief to identify its testifying experts within thirty days after service of the request for disclosure or ninety days before the end of the discovery period, whichever is later. KRG asserted that regardless of a court-imposed deadline in the DCO, "the deadline for Saddles' expert designation of 90 days before trial, which was June 18, 2019, had already passed at the time the Motion for Continuance was filed on July 9, 2019." According to KRG, Saddles sought to designate a new and previously undisclosed expert, which would result in surprise and prejudice to KRG, and KRG would be unable to conduct discovery regarding the expert and would not be able to designate a rebuttal expert. KRG also asserted that Saddles' addition of multiple affirmative defenses would also cause surprise and prejudice to KRG because it would not be able to conduct discovery on those defenses prior to trial.

The trial judge signed an order denying Saddles' motion for leave to file a first amended answer to KRG's counterclaim and a designation of experts on August 18, 2019. On August 13, 2019, five days before the trial court denied Saddles' motion for leave to file a first amended answer and expert designation, KRG filed a traditional motion for partial summary judgment, in which it asserted that the "as is" disclaimer of warranties in the lease agreement between KRG and Saddles precludes Saddles from asserting its claims for breach of the implied warranty of suitability,

5

fraud, and DTPA violations. According to KRG's motion, the lease "destroys any reliance by Saddles and negates Saddles['] ability to prove 'causation' of any injury." KRG contended that there is no genuine issue of material fact that the lease contained an "as is" provision, and that Saddles accepted the premises without representations or warranties by KRG.

On the same date, KRG also filed a no-evidence motion for partial summary judgment as to Saddles' claim of fraudulent inducement. KRG asserted that "[t]he discovery period in this case under the Court's docket control order has ended." KRG filed notices of submission of its motions for partial summary judgment, which stated that the trial court would consider the motions on September 20, 2019. Saddles filed its petition for writ of mandamus with this Court on September 10, 2019, as well as a motion for emergency relief seeking a stay of all proceedings in the trial court pending this Court's resolution of the issues raised in the petition for writ of mandamus. This Court entered an order staying the proceedings below pending the issuance of our Opinion or further order.

SADDLES' PETITION, KRG'S RESPONSE, AND SADDLES' REPLY

Saddles argues in its petition for writ of mandamus that the trial court abused its discretion by (1) entering the ADCO, which included retroactive expert designation and pleading deadlines that were impossible to meet; (2) ordering the

parties to do more than required by the Texas Rules of Civil Procedure to designate expert witnesses; (3) refusing to accept Saddles' prior timely designation of expert witnesses, which Saddles asserts it made by responding to the real party in interest's requests for disclosure; (4) determining that Saddles was not entitled to an exception to exclusion of its experts under Rule 193.6; (5) excluding Saddles' experts although Saddles had previously designated its experts under the applicable rules and the prior docket control order; and (6) denying Saddles' motion for leave to file its first amended answer and expert designation list.

In its petition for writ of mandamus, Saddles argues that the Texas Rules of Civil Procedure permit a party to freely amend its pleading if the amended pleading is filed at least seven days before trial. Saddles argues that under case law, after the time for filing amended pleadings has passed, a trial court abuses its discretion in denying leave to file an amended pleading unless the party opposing the amendment presents evidence of surprise or prejudice, or the amendment is prejudicial because it asserts a new cause of action or defense. In addition, Saddles asserts that the mere assertion of a new cause of action in an amended pleading does not automatically constitute prejudice to the opposing party.

Saddles also argues that if there was good cause for the failure to timely disclose, or the failure will not unfairly surprise or prejudice the opposing party, the

trial court should not exclude the evidence. According to Saddles, it timely disclosed its experts when it provided written discovery responses to KRG's requests for disclosures. Saddles asserts that it had good cause for the filings that the retroactive ADCO made untimely and that KRG was not unfairly surprised or prejudiced. According to Saddles, the ADCO, which the trial court signed on July 9, 2019, retroactively imposed an additional deadline for disclosure, making compliance impossible. Saddles argues that the ADCO would cause both parties to have their experts stricken, and that because KRG's own disclosure response identified Saddles' refusal to accept the leased premises and to pay rent as issues in the case, KRG cannot show surprise. Furthermore, Saddles alleges that because KRG's new calculation of its damages, which it provided after the pleading deadline imposed by both the DCO and the ADCO is "flawed and improper[,]" and Saddles should be afforded an opportunity to respond to KRG's calculations "by raising the affirmative defenses of failure to mitigate damages, offset and credit, and future damages." Lastly Saddles notes that the rest of the defenses at issue, including justification, excuse, mutual mistake, force majeure, and breach of the implied warranty of suitability, are based on the discovery of asbestos, a topic on which the parties have yet to complete any depositions.

KRG filed a response to the petition, in which it agreed with Saddles' request for relief from the trial court's order denying its motion for leave to file a first amended answer and an expert designation and asked this Court to grant relator leave to do so. However, KRG asserted that this Court need not set aside the ADCO because its proposed relief would resolve all issues. According to KRG, Saddles failed to confer with KRG before filing its emergency motion and its petition for writ of mandamus, and KRG "attempted to work this matter out with [Saddles]" by offering to provide to the trial court an agreed order granting relator leave to file its expert designation and first amended answer. KRG acknowledges in its response that the trial court's ADCO had the effect of both denying Saddles the ability to designate a new expert and denying Saddles the ability to designate its previously-disclosed experts. KRG proposes that if this Court would simply require the trial court to grant Saddles leave to file its amended answer and expert designation, KRG "would waive any right of appeal over such relief allowing the Court of Appeals to expedite the mandate and preserve the trial setting."

Saddles filed a reply to KRG's response, in which it asserted that (1) the ADCO had struck its previously designated experts; (2) the improper denial of its motion for leave to amend its answer impacted eleven defenses; and (3) granting Saddles any mandamus relief would "fundamentally change[] the nature of the case,

discovery needed to prepare for summary judgments, discovery needed to prepare for trial, and motions practice in this case." Specifically, Saddles contended that KRG's proposed relief is unworkable, and asserted that Saddles should have the opportunity to seek discovery from the retroactively-struck experts, and that Saddles' "right to conduct basic discovery on its defenses and expert witnesses should not be truncated or foreclosed[.]" According to Saddles, "KRG's gambit in refusing to agree to Saddles' motion for leave . . . should not now be rewarded simply because KRG has now conceded that which it should have assented to originally." In addition, Saddles maintains that merely overturning the improper denial of its motion for leave does not remedy the harm from the ADCO because Saddles "would be left without the ability to conduct discovery, without the ability to challenge experts, and without the ability to seek summary judgment." Furthermore, Saddles argues that KRG's proposal is "illusory" because this Court's entry of a stay order prevents the trial court from entering the agreed order KRG proposed.

## ANALYSIS

Mandamus will issue to correct a clear abuse of discretion when there is no other adequate remedy at law. *In re Alcatel USA, Inc.*, 11 S.W.3d 173, 175 (Tex. 2000) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). A trial court abuses its discretion when its ruling is so arbitrary and unreasonable that

10

it amounts to a clear and prejudicial error of law. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). A trial court has no discretion in determining what the law is or applying the law to the facts. *Walker*, 827 S.W.2d at 840. Therefore, a clear failure by the trial court to analyze or apply the law correctly constitutes an abuse of discretion. *Id.* Appeal is an inadequate remedy if the appellate court could not cure the trial court's discovery error, a party's ability to present a viable claim or defense is severely compromised, or the missing discovery cannot be made part of the appellate record. *Id.* at 843-44.

We conclude that the trial court's ADCO, which retroactively imposed deadlines for filing amended pleadings and designating experts, constituted an abuse of discretion for which Saddles lacks an adequate legal remedy. *See In re Alcatel USA, Inc.*, 11 S.W.3d at 175; *Walker*, 827 S.W.2d at 839. We further conclude that the trial court's order denying Saddles' motion for leave to file an amended answer and to "late" file a designation of expert witnesses constituted an abuse of discretion for which Saddles lacks an adequate legal remedy. *See In re Alcatel USA, Inc.*, 11 S.W.3d at 175; *Walker*, 827 S.W.2d at 839, 843-44; *see also generally* Tex. R. Civ. P. 63 (providing that parties may amend pleadings until seven days before trial); Tex. R. Civ. P. 193.6 (stating that a party who fails to timely make, amend, or supplement a discovery response may not offer the testimony of an untimely-

11

disclosed non-party witness absent a trial court's finding that either (1) good cause existed for the failure or (2) the failure to timely respond will not unfairly surprise or prejudice the other party); Tex. R. Civ. P. 195.2(a) (requiring a party seeking affirmative relief to designate testifying experts by the later of two dates: (1) thirty days after the request is served or (2) ninety days before the end of the discovery period).

We lift the stay imposed by our order of September 12, 2019, and we conditionally grant Saddles' petition and direct the trial court to withdraw (1) its amended docket control order of July 9, 2019, and (2) its order of August 18, 2019, denying Saddles' motion for leave to file a first amended answer to KRG's counterclaim and a designation of experts. We are confident that the trial court will vacate its aforementioned orders of July 9 and August 18, 2019, and grant Saddles' motion for leave to file an amended answer and designation of experts. The writ will issue only if the trial court fails to act in accordance with this Court's opinion.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on September 18, 2019
Opinion Delivered October 31, 2019

Before McKeithen, C.J., Kreger and Horton, JJ.

12