**Opinion issued July 18, 2024**



In The

# Court of Appeals

### For The

# First District of Texas

———————————

### NO. 01-24-00462-CV

———————————

## IN RE JEFFREY KITTLE, KITTLE PROPERTY GROUP, INC., AND THE VIREO APARTMENTS, LP, Relators

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

In this original proceeding, relators Jeffrey Kittle, Kittle Property Group, Inc., (collectively, Kittle) and The Vireo Apartments, LP, seek mandamus relief from the trial court's order compelling discovery of net worth evidence.[1] Kittle

---

[1] Respondent is the Honorable Lauren Reeder, Presiding Judge of the 234th District Court of Harris County. The underlying case is *Chance Willis and Christopher Okray v. The Vireo Apartments, LP, Kittle Property Group, Inc., Herman and Kittle Properties Inc., and Jeffrey Kittle*, Cause No. 2023-37572 (234th Dist. Ct., Harris Cnty., Tex.).

and Vireo maintain that the trial court's order constitutes a clear abuse of discretion and warrants mandamus relief.

We agree and conditionally grant relief.

## Background

In the underlying suit, real party in interest Chance Willis alleges that he was shot twice in the chest by a resident of The Vireo Apartments, located on Tidwell Road in Houston.[2] Willis and his brother, real party in interest Christopher Okray, assert that, prior to the shooting, Kittle and Vireo were aware that violent criminal activity frequently occurred in close proximity to the apartments, that numerous criminal acts had been committed against Vireo residents, and that the resident who shot Willis had engaged in multiple acts of violent criminal conduct against other residents and guests at the property. They further allege that Kittle and Vireo failed to provide adequate security and failed to take reasonable steps to mitigate the risk of harm.

Willis and Okray's asserted claims against Kittle and Vireo include gross negligence and common nuisance,[3] for which they seek exemplary damages.[4]

---

[2]     During the relevant time, Vireo was owned by The Vireo Apartments, LP and managed by Kittle Property Group, Inc., of which Jeffrey Kittle was an officer and director.

[3]     *See* TEX. CIV. PRAC. & REM. CODE § 125.0015(b) ("A person maintains a common nuisance if the person maintains a multiunit residential property to which persons habitually go to commit [certain criminal acts]" and "knowingly tolerates the acts and furthermore fails to make reasonable attempts to abate the acts").

Willis and Okray moved to conduct net worth discovery from Kittle and Vireo. They sought to compel the production of balance sheets and income statements for the years 2019 through 2023. In their motion, Willis and Okray assert that there is a substantial likelihood they will prevail on their claims.

On June 10, 2024, after a hearing, the trial court issued an order granting the motion to compel. The order states in its entirety:

> After considering [Willis and Okray's] Motion to Conduct Net Worth Discovery and to Compel Production of Responsive Documents from [Kittle and Vireo], the Court GRANTS the Motion. [Kittle and Vireo] are hereby ORDERED to comply with [Willis and Okray's] Motion to Conduct Net Worth Discovery and to Compel Production of Responsive Documents from [Kittle and Vireo].

Kittle and Vireo now seek mandamus relief in this Court.[5]

## Standard of Review

Mandamus is an extraordinary remedy that will issue only when (1) a trial court clearly abuses its discretion and (2) the relator lacks an adequate remedy by appeal. *In re Kappmeyer*, 668 S.W.3d 651, 654 (Tex. 2023) (orig. proceeding). "A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). A trial court has no

---

[4] *See id.* § 41.005(b) (authorizing exemplary damages based on criminal act of another if such act occurs at location in which defendant maintained unabated common nuisance under Chapter 125).

[5] We previously granted Kittle and Vireo's request for temporary relief and stayed the trial court's June 10, 2024 discovery order.

discretion in determining what the law is or in applying the law to the facts. *Id*. at 840. Thus, a trial court's clear failure to analyze or apply the law correctly will constitute an abuse of discretion. *Id.*

Mandamus relief is available when a trial court compels production beyond the permissible bounds of discovery. *In re Weekley Homes, L.P.*, 295 S.W.3d 309, 322 (Tex. 2009) (orig. proceeding). The scope of discovery that a trial court allows is reviewed for an abuse of discretion. *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding). When a trial court compels discovery beyond the permissible bounds prescribed by law, there is not an adequate remedy by appeal if the appellate court would be unable to cure the trial court's error. *Walker*, 827 S.W.2d at 843.

## Applicable Law

"[A] trial court may authorize discovery of evidence of a defendant's net worth *if* the court finds in a written order that the claimant has demonstrated a substantial likelihood of success on the merits of a claim for exemplary damages." TEX. CIV. PRAC. & REM. CODE § 41.0115(a) (emphasis added); *see In re Zhang*, No. 01-22-00856-CV, 2023 WL 3956860, at *5 (Tex. App.—Houston [1st Dist.] 2023, June 13, 2023, orig. proceeding) (mem. op.). Exemplary damages are "any damages awarded as a penalty or by way of punishment but not for compensatory purposes." TEX. CIV. PRAC. & REM. CODE § 41.001(5).

4

**Analysis**

Here, the trial court's June 10, 2024 order does not include the required finding mandated by section 41.0115(a) of the Texas Civil Practice and Remedies Code. Specifically, there is no finding that Willis and Okray have demonstrated a substantial likelihood of success on the merits of their claim for exemplary damages. *See id.* § 41.0115(a). In the absence of this statutorily required finding, the trial court clearly abused its discretion in compelling the production of Kittle's and Vireo's net worth information. *See In re Zhang*, 2023 WL 3956860, at *6.[6]

To be entitled to mandamus relief, Kittle and Vireo must lack an adequate remedy by appeal. *See In re Kappmeyer*, 668 S.W.3d at 654. It is settled that "parties lack an adequate appellate remedy from orders compelling discovery beyond what the rules allow." *In re Millwork*, 631 S.W.3d 706, 714 (Tex. 2021) (orig. proceeding).

Here, the trial court's order compels Kittle and Vireo to produce net worth information without the statutorily required showing and finding. *See* TEX. CIV. PRAC. & REM. CODE § 41.0115(a). Discovery that is not authorized by law cannot

---

[6] *See also In re WTG Fuels, Inc.*, No. 11-19-00390-CV, 2020 WL 205254, at *3 (Tex. App.—Eastland Jan. 13, 2020, orig. proceeding) (mem. op.) (in absence of statutorily required finding, respondent could not exercise discretion to order net worth discovery); *In re Michelin N. Am., Inc.*, No. 05-15-01480-CV, 2016 WL 890970, at *8 (Tex. App.—Dallas Mar. 16, 2016, orig. proceeding) (mem. op.) (section 41.0115(a) "requires a party seeking net worth discovery to first demonstrate and obtain a finding from the trial court that there is a substantial likelihood of success on the merits of a claim for exemplary damages").

be "untaken" such that an appellate court can cure the error and enforce the statutory scheme after trial. *In re Jordan*, 249 S.W.3d 416, 419–20 (Tex. 2008) (orig. proceeding). Kittle and Vireo therefore lack an adequate remedy by appeal. *See In re Millwork*, 631 S.W.3d at 714.

## Conclusion

We conditionally grant mandamus relief and direct the trial court to vacate its June 10, 2024 discovery order.[7] A writ will issue only if the trial court fails to comply. We also lift the stay entered on June 21, 2024, and deny all pending motions. *See* TEX. R. APP. P. 52.10(b).

Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Kelly and Goodman.

---

[7] Willis and Okray have filed a motion with our Court "recogniz[ing] that the trial court's order allowing net worth discovery does not contain the findings required by section 41.0115(a)" and asking us to abate this proceeding "[to] give the trial court the opportunity to enter a new order" that complies with section 41.0115(a). But their unverified motion does not state that the trial court actually intends to issue a new order—or even that any request for it to do so has been made. Stated differently, Willis and Okray seek to moot this mandamus proceeding without any basis. *See In re Ryder-Integrated Logistics, Inc.*, No. 04-12-00766-CV, 2013 WL 618745, at *1 (Tex. App.—San Antonio Feb. 20, 2013, orig. proceeding) (mem. op.) (original proceeding is moot when order relator attacks has been replaced); *see also In re Dow Hamm III Corp.*, No. 01-08-00235-CV, 2009 WL 2232009, at *1 (Tex. App.—Houston [1st Dist.] July 23, 2009, orig. proceeding) (mem. op.). Given Willis and Okray's concession and the unsupported nature of their request, we deem it to be without merit. *See* TEX. R. APP. P. 10.1(b).