

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00583-CV

**IN RE SCHINDLER ELEVATOR CORPORATION**

Original Mandamus Proceeding[1]

Opinion by:     Lori I. Valenzuela, Justice

Sitting:        Irene Rios, Justice
                Lori I. Valenzuela, Justice
                Lori Massey Brissette, Justice

Delivered and Filed: January 14, 2026

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

In this original proceeding arising from a personal injury lawsuit, relator Schindler Elevator Corporation asserts the trial court abused its discretion by denying its motion to compel an independent medical examination ("IME") of real party in interest Jennifer Keith. Because Schindler satisfied the requirements necessary to compel an IME under Texas Rule of Civil Procedure 204.1, we conditionally grant mandamus relief.

---

[1] This proceeding arises out of Cause No. 2023CI22952, styled *Jennifer Keith v. Valcor Properties, LLC a/k/a Valcor Commercial Real Estate; Services Life & Casualty Insurance Co., Service Group Holdings, Inc., and Schindler Elevator Corporation*, pending in the 45th Judicial District Court, Bexar County, Texas, the Honorable Christine Vasquez Hortick presiding.

## BACKGROUND

In the underlying dispute, Keith alleges, among other things, that she suffered a traumatic brain injury when an elevator malfunctioned. Schindler was the service repair company that maintained the elevator in question. Keith sued Schindler and other defendants and sought damages for her past and future pain and suffering, mental anguish, lost wages, lost earning capacity, physical impairment, disfigurement, and medical expenses. In support of her claims and alleged damages, Keith retained a neuropsychologist to examine her and prepare a report, which Keith produced to Schindler. Schindler moved to compel Keith to submit to an IME, contending that it had shown good cause for the exam and that Keith's claims and alleged damages placed her mental condition in controversy. The trial court denied the motion to compel, and Schindler filed a petition for writ of mandamus.[2]

## DISCUSSION

### Standard of Review

"Mandamus is an extraordinary remedy granted only when the relator shows that the trial court abused its discretion and that no adequate appellate remedy exists." *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). "When a trial court fails to analyze or apply the law correctly, it has clearly abused its discretion." *In re Sherwin-Williams Co.*, 668 S.W.3d 368, 370 (Tex. 2023) (orig. proceeding) (per curiam) (internal quotation marks omitted).

### Applicable Law

Because the forced examination of an individual involves the intrusion into one's personal liberties beyond that posed by other kinds of discovery, heightened scrutiny must be satisfied

---

[2] We requested responses from Keith and respondent. No responses were filed.

before an individual can be compelled to submit to an IME. *See In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) ("Our procedural rules define the general scope of discovery as any unprivileged information that is relevant to the subject of the action, even if it would be inadmissible at trial, as long as the information sought is 'reasonably calculated to lead to the discovery of admissible evidence.'") (quoting TEX. R. CIV. P. 192.3(a)); *cf.* TEX. R. CIV. P. 204.1(c), (d); *In re Sherwin-Williams Co.*, 668 S.W.3d at 370–71 ("The rule's 'good cause requirement . . . balance[s] the movant's right to a fair trial and the other party's right to privacy.'") (alterations in original, quoting *In re H.E.B. Grocery Co.*, 492 S.W.3d at 303).

Relevant here, an examination may be compelled "only for good cause shown" and when either the "mental or physical condition . . . of a party . . . is in controversy" or "except as provided in Rule 204.4[3] . . . when the party responding to the motion has designated a psychologist as a testifying expert or has disclosed a psychologist's records for possible use at trial." TEX. R. CIV. P. 204.1(c); *see also In re H.E.B. Grocery Co.*, 492 S.W.3d at 303 (providing Rule 204.1(c)(1)'s requirements "cannot be satisfied by mere conclusory allegations of the pleadings–nor by mere relevance to the case") (internal quotation marks omitted). "To establish good cause, the movant must show that (1) the examination is relevant to the issue in controversy and is likely to lead to relevant evidence, (2) there is a reasonable nexus between the examination and the condition in controversy, and (3) the desired information cannot be obtained by less intrusive means." *In re Sherwin-Williams Co.*, 668 S.W.3d at 371 (internal quotation marks omitted).

*Analysis*

Here, it is undisputed that Keith's mental condition is in controversy. Keith is seeking damages for, among other things, a traumatic brain injury she alleges she suffered as a result of

---

[3] Rule 204.4 applies to cases arising under the Family Code and therefore is not relevant here. TEX. R. CIV. P. 204.4.

Schindler's failure to properly maintain an elevator in a safe working condition. Therefore, to be entitled to an IME, Schindler must have established good cause for the exam. *See id.*

First, as to relevance, the issues in controversy are the existence and extent of Keith's injuries, and specifically here, the existence and severity of her traumatic brain injury. Schindler's request for an IME on the same issues in controversy satisfies the relevancy requirement of the good cause analysis. *See In re H.E.B. Grocery Co.*, 492 S.W.3d at 303; TEX. R. CIV. P. 204.1(c)(1). Additionally, Schindler argued both below and in this court—and Keith did not dispute—that Keith's retained neuropsychologist will be testifying at trial. *See* TEX. R. CIV. P. 204.1(c)(2).

Second, Schindler has also satisfied the reasonable nexus requirement. "Again, the purpose of the examination is to determine the existence, nature, and extent of the injuries" Keith sustained that are attributable to Schindler. *In re H.E.B. Grocery Co.*, 492 S.W.3d at 303. The controversy revolves around Keith's mental condition and the extent of her alleged damages related to the elevator Schindler maintained. *Id.* ("The condition in controversy is [plaintiff's] physical health—his past, present, and future injuries related to the fall and other causes, and the extent of his damages."). Therefore, "[t]he requested examination . . . directly relates to the condition in controversy and satisfies the nexus requirement." *Id.*

Third, Schindler satisfied the final requirement of good cause. As noted above, in support of her traumatic brain injury allegations attributable to Schindler's negligence, Keith has retained a neuropsychologist expert who has prepared a report. Schindler's motion to compel included an unsworn declaration from a retained expert of its own, Dr. Katrina Belen, that explained the general kinds of testing Dr. Belen intended to conduct, the nexus between that testing and Keith's claimed injuries, and why Dr. Belen believed her examination would yield useful information. In addition to noting that the results of the testing Keith had already undergone may be outdated, Dr. Belen

explained why she believed an additional first-hand examination of Keith was necessary. *In re Sherwin-Williams Co.*, 668 S.W.3d at 371–72; *In re Rolyn Cos., Inc.*, No. 14-25-00262-CV, 2025 WL 1843718, at *2–3 (Tex. App.—Houston [14th Dist.] July 3, 2025, orig. proceeding) (mem. op.). Dr. Belen specifically noted, for example, that Keith's condition may have changed since the prior outdated testing, "[n]ow that she has had an opportunity to receive treatment," and the necessity of performing her own assessment of Keith to form her professional opinion. *In re Sherwin-Williams Co.*, 668 S.W.3d at 371–72; *In re Rolyn Cos.*, 2025 WL 1843718, at *2–3. In sum, we hold that Schindler has met the requirements under Rule 204.1 and, therefore, the trial court abused its discretion by denying Schindler's motion to compel Keith to submit to an IME.

Nevertheless, mandamus relief is not appropriate where an adequate remedy exists. *In re Auburn Creek Ltd. P'ship*, 655 S.W.3d 837, 843 (Tex. 2022) (orig. proceeding) (per curiam). The Texas Supreme Court has held that an order like the one at issue here compromised a relator's ability to present a viable defense and, as a result, the relator lacked an adequate remedy on appeal. *See id.*; *In re Sherwin-Williams Co.*, 668 S.W.3d at 372; *Walker v. Packer*, 827 S.W.2d 833, 843 (Tex. 1992) (orig. proceeding). We hold that the same is true here. Accordingly, we hold that Schindler is without an adequate appellate remedy.

## CONCLUSION

For the reasons above, we conditionally grant mandamus relief.[4]

Lori I. Valenzuela, Justice

---

[4] Our opinion should not be interpreted to express any opinion on "the time, place, manner, conditions, and scope of the examination." TEX. R. CIV. P. 204.1(d). We leave that determination to the trial court's discretion.